MAURICE V. GENEZ, Respondent, *v.* THE UNION MARINE INSURANCE COMPANY, LTD., Appellant, Impleaded with PHŒNIX INSURANCE COMPANY OF HARTFORD, Defendant.

First Department, November 18, 1932.

*Paul D. Compton* of counsel [*Single & Single*, attorneys], for the appellant.

*George S. Brengle* of counsel [*John M. Aherne* with him on the brief; *Bigham, Englar, Jones & Houston*, attorneys], for the respondent.

O'MALLEY, J. Plaintiff sues as assignee of the trustee in bankruptcy of Colletti Truck Company, Inc., John Colletti, an individual, and Arizona-California Transportation Company, a corporation, to recover under a policy of insurance issued by the defendant.

As we view the record, the plaintiff, if entitled to recover at all, must stand upon whatever rights the Arizona-California Transportation Company might have had in the premises. The question presented, therefore, is whether this corporation had any rights under the policy by reason of the circumstances now to be detailed.

The policy was issued January 4, 1927. It was not a standard form policy. Marine in character, it was made up by attaching to the English cargo form a printed rider headed, " Transportation Auto Truck Contents."

The printed form contained typewritten insertions. The rider was of like character, and in addition had a typewritten indorsement.

The printed form, with the typewritten portions here italicized, reads as follows:

"Whereas, it has been proposed to The Union Marine Insurance Society, Ltd., by *Colletti Truck Co., Inc., and/or John Colletti dba Arizona-California Transportation Co.* as well in *their* own name as for and in the name and names of all and every other person or persons to whom the subject matter of this Policy does may or shall appertain in part or in all to make with the said Company the Insurance hereinafter mentioned and described. * * * And it is hereby agreed and declared that the said Insurance shall be and is an Insurance (lost or not lost) at and from *as per form attached hereto.* And it is also agreed and declared that the subject matter of this Policy as between the Insured and the Company so far as it concerns this Policy shall be and is as follows upon *as per form attached hereto.*"

The rider reads: " Do make and cause Colletti Truck **Co., Inc.,** and/or John Colletti dba Arizona-California Transp. Co.

" For account of Assured.

" Loss if any payable to Assured. * * *

" Covering all kinds of lawful goods and merchandise, their own and for which they may be legally liable consisting principally of Petroleum Products and General Merchandise while contained in or on the following specified Truck or Trucks:

Trade Name.................Year Built......................
Motor No...................Tonnage......................
Insurance....................Rate..........................
as per form attached."

After specifying trucks and trailers and the amount of insurance on each, there was the following provision: " Attached to and forming part of Policy No. 1474-L.A. 161 of the Union Marine Insurance Company, Ltd., issued to Colletti Truck Co., Inc., and/or John Colletti dba Arizona-California Transportation Co."

The indorsement covered an extension of liability in consideration of an additional premium, and in turn had the following indorsement: " This slip is attached to and forms part of Policy No. 1474-L.A. 161 of the Union Marine Insurance Co., Ltd., issued to Colletti Truck Co., Inc., and/or John Colletti dba Arizona-California Transportation Co."

It is to be particularly noted that the Arizona-California Transportation Company mentioned in the policy is not the corporation of similar name, but a trade name under which the individual, John Colletti, was doing business. The parties are agreed that the

letters " dba " mean " doing business as." Thereafter the corporation of similar name (hereinafter designated the corporation) was formed, taking over the business. Subsequently during the term of the policy and on July 5, 1927, merchandise of the Goodyear Tire and Rubber Company was destroyed by fire while loaded on a truck and trailer in transit, both of which were specifically enumerated on the list attached to the policy. The value of the destroyed property was conceded.

The corporation issued the bill of lading and was actually transporting the goods at the time of the loss. The freight bill was issued by the corporation upon its own printed form. While plaintiff's bill of particulars stated that the corporation acted as agent for its principal, The Colletti Truck Company, Inc., plaintiff's own evidence established that this agency did not in fact exist.

It is clear, therefore, that the right of the plaintiff to succeed is dependent upon whether the corporation was entitled to the benefit of the policy. We are of opinion that the corporation was not covered. We are inclined to the view that while the language, " as well in their own name as for," found in the main form, is equivalent to the clause " for account of whom it may concern," the policy, read as a whole, is not sufficiently broad to cover plaintiff's corporate assignor. The rider and indorsement thereon restrict the form, we believe, to the parties specifically enumerated therein; and while such parties might have a claim for loss of goods shipped through them, such claim could not be extended to cover a loss on goods shipped through others.

The main form stated that the coverage was " as per form attached hereto." This main form, therefore, must be construed in the light of the form and indorsement attached. These covered only Colletti Truck Company, Inc., and John Colletti, doing business as Arizona-California Transportation Company. While the corporation has shown an interest in the subject-matter of the insurance, the record, we are of opinion, fails to establish any intention to cover such corporation. Such intention is a prerequisite to any recovery by a party not expressly covered by the policy. (1 Arnould Marine Ins. [11th ed.] §§ 12, 173; 8 Couch Cyc. Ins. Law, § 2050; *Hooper* v. *Robinson*, 98 U. S. 528; *Duncan* v. *China Mutual Ins. Co.*, 129 N. Y. 237.)

Besides the facts already appearing which tend to negative an intention to cover the corporation, it is further to be noted that the excess insurance was applied for in the name of Colletti Truck Company, Inc. We are of opinion, therefore, that plaintiff having failed to show that his assignor, the Arizona-California Transpor-

tation Company, the corporation, was entitled to any of the benefits of the policy, the recovery had may not be sustained.

It follows, therefore, that the judgment appealed from must be reversed, with costs, and judgment directed in favor of the defendant, appellant, dismissing the complaint, with costs.

SHERMAN and TOWNLEY, JJ., concur; FINCH, P. J., and MERRELL, J., dissent and vote for affirmance.

FINCH, P. J. (dissenting). In my opinion the finding of the trial court on the facts should be sustained.

The printed provision of the policy is sufficiently broad to protect the insured. The basic form of the policy was concededly for the account of whom it may concern. The Arizona-California corporation was such a party. Such corporation concededly also had an insurable interest. The provisions of the typewritten rider did not necessarily produce an irreconcilable conflict between the printed provisions of the policy and the rider. In accordance with well-settled principles all parts of a writing are to be given effect if possible and construed harmoniously. Applying these principles, there was no irreconcilable conflict. At the very least this contract of insurance is susceptible of a construction which would afford to the insured the coverage which might reasonably be expected to have been obtained. Especially is this so in the light of the important fact that here the trial court has found as a fact that this ambiguous policy, drawn by the insuring company, was intended to cover this risk.

It is also pertinent to inquire why the express wording of this policy does not include Colletti, whether he was doing business under the name of the Arizona-California Transportation Company as an assumed name or as a partnership or as a corporation. To deny relief here would seem to follow a legalistic conception further than common sense and justice would dictate.

The judgment appealed from should be affirmed.

MERRELL, J., concurs.

Judgment so far as appealed from reversed, with costs, and judgment directed in favor of the defendant, appellant, dismissing the complaint, with costs.