Maurice V. Genez, Appellant, *v.* The Union Marine Insurance Company, Ltd., Respondent, Impleaded with Another.

(Argued April 25, 1933; decided May 24, 1933.)

*George S. Brengle* and *John M. Aherne* for appellant.

*Paul D. Compton* for respondent.

O'BRIEN, J. The Goodyear Rubber Company by special contract employed the Arizona California Transportation Company, a corporation, to carry a consignment of goods from Los Angeles to Phœnix, Arizona. This merchandise of stipulated value was loaded on Federal truck No. 6310 and Hercules trailer No. 11 and on July 5, 1927, while in transit the goods were totally destroyed by fire. The driver of the truck and trailer described himself as an employee of the Colletti Truck Company. The Goodyear company had a policy of insurance on these goods issued by the Phœnix Insurance Company of Hartford, Connecticut, which, however, does not cover any shipments on which there is any other insurance which would attach if the Phœnix policy had not been issued. The amount of the loss has been paid in full to the Goodyear company by the Phœnix. Without admission of liability, this sum was advanced as a loan to the Goodyear repayable to the Phœnix only out of any recovery which might be obtained by the Goodyear from any bailee or insurer who might be liable to the insured.

Plaintiff is assignee of John Colletti, the Colletti Truck Company, Inc., and the Arizona California corporation, all three of whom he alleges to be covered by a policy issued by defendant Union Marine Insurance Company, Ltd. Alleging also that his assignors are legally liable to the Goodyear company, plaintiff demands judgment against the Union Marine for the stipulated value of the goods. The answer denies that the assignors are legally liable. The Goodyear company which suffered the loss is in any event fully recompensed. The real contest rages about the issue whether the ultimate obligation of making good this loss rests upon the Phœnix or upon defendant Union Marine. If the policy issued by the Union Marine to Colletti Truck Company and to John Colletti doing business as Arizona California Transportation Company does not cover this risk, this action cannot be maintained. The trial court held that the intention of the policy was to cover the risk and gave judgment for plaintiff. The question of intention is generally one of fact. The Appellate Division by a divided court reversed the judgment upon questions of law and dismissed the complaint.

In January, 1927, defendant Union Marine issued its policy in form known as an inland marine insurance policy to " Colletti Truck Co., Inc., and/or John Colletti dba Arizona California Transportation Co. as well in their own name as for and in the name and names of all and every other person or persons to whom the subject matter of this policy does may or shall appertain in part or in all." A rider provides that the policy is " for account of assured " and " loss if any payable to assured " and covers all kinds of goods, " their own and for which they may be legally liable " while contained in certain trucks specified in the policy. When the policy was issued, John Colletti, an individual, was doing business as Arizona California Transportation Company which is described as a partnership. Perhaps it was a mere trade name. Prior to May, 1927, the business of this

partnership or individual was incorporated and its assets were transferred to an Arizona corporation bearing the same title as the partnership or trade name, Arizona California Transportation Company. This is the carrier with which the Goodyear company made its contract. After the incorporation of Arizona California Transportation Company but before the execution of its contract of carriage with the Goodyear, an indorsement was made on the policy issued by the Union Marine by which the amount of insurance was increased and Federal truck No. 6310 was covered. The application for this additional insurance was made by Colletti Truck Co., Inc. Hercules trailer No. 11 was not covered.

John Colletti was vice-president and general manager of Coletti Truck Co., Inc. His father was president. John, his brother and their father were the only persons interested in this company and in the incorporated Arizona California Transportation Company. John was also president of the last named corporation. One book-keeper took care of the affairs of both corporations. The driver of the truck carrying the damaged goods testified that he was employed by the Colletti Truck Co. and that the Arizona California Transportation Company was " what they called the line we worked on. * * * Lots of times it was called the Arizona-California and the Colletti wasn't even mentioned and when it was the Colletti, the California wasn't mentioned." The ownership of the truck used by the incorporated Arizona California Transportation Company is not disclosed but it is one of the trucks the contents of which were insured.

From these facts the inference is required that the parties by their contract of insurance intended that the contents of Federal truck No. 6310 were to be covered in the event of damage by fire while either the Colletti company or John Colletti as bailee might be legally liable. A stronger inference is permissible. The policy concerns not only the corporation and the individual expressly designated " in their own name," but the application for

the policy was made and the policy was issued for the benefit of " every other person or persons to whom the subject matter of this policy does may or shall appertain in part." The goods were transported under a contract of carriage with a corporation of which John Colletti was president and he and his brother and father sole stockholders bearing the same name and consisting of the same members as the insured partnership. A truck specifically described by name and number in the contract of insurance was of unknown ownership but was driven by a chauffeur whose general employment was by the corporation which was expressly included in the contract of insurance. Too high a value would need to be placed upon mere matters of form in order to reach a conclusion other than that the purpose of the parties was to cover the operations of these closely interwoven enterprises which were conducted under different names by the Collettis and for which they might be liable as bailees to third parties. This is a reasonable inference of fact. The policy may be deemed ambiguous but its writer cannot complain of such an inference. John Colletti, as long as he transacted business through his partnership or trade name, was included within the policy. That this individual later carried on his affairs through his close corporation does not appear to furnish a substantial reason for believing in the existence of an intent to exclude it from benefit.

The policy by its terms covers not only the goods of the corporation and the individual mentioned by name but also the goods of all others for which that corporation and that individual may be liable while the goods of the third parties are contained in certain specified trucks.

The judgment of the Appellate Division should be reversed and that of the Trial Term affirmed, with costs in the Appellate Division and in this court. (See 262 N. Y. 634.)

POUND, Ch. J., CRANE, LEHMAN, KELLOGG and CROUCH, JJ., concur; HUBBS, J., not sitting.

Judgment accordingly.