CONTINENTAL INSURANCE COMPANY, Plaintiff, *v.* COMMERCIAL UNION INSURANCE COMPANY et al., **Defendants.**

First Department, April 20, 1967.

*Robert S. Newman* of counsel (*Herbert P. Polk* and *John M. Hadlock* with him on the brief; *Lowenstein, Pitcher, Hotchkiss & Parr*, attorneys), for plaintiff.

*Max J. Gwertzman* for defendants.

*Per Curiam.* This is a submission of a controversy pursuant to CPLR 3222.

Edison Gifts Imports, Inc. (Edison) was a tenant occupying premises at 1487 Broadway, New York City. A fire occurred at said premises on October 23, 1963 causing damage to personal property belonging to Edison in the agreed amount of $25,000.

On February 5, 1963 Edison had procured a policy in the amount of $100,000 from the plaintiff, Continental Insurance Company (Continental). This policy was denominated as a special multi-peril policy (SMP policy) and was authorized by subdivision 7 of section 168 of the Insurance Law.

Sometime prior to October 17, 1963 Edison applied to Continental to have the property coverage under its policy increased by $50,000. Continental declined to increase the coverage under the SMP policy and Edison thereupon procured an additional $50,000 fire and extended coverage insurance from the defendants, effective October 17, 1963.

By agreement of the parties Edison has been paid its loss, Continental paying 50% and the defendants collectively paying 50%, the insurance companies reserving their respective rights under an agreement to submit the controversy to this court for determination.

The plaintiff Continental maintains that its SMP policy is excess insurance, affording coverage for fire damage only after the limit of primary insurance is consumed, and since the aggregate amount of insurance afforded by the policies of the defendants exceeds $25,000 the defendants are liable for the entire loss.

The defendants maintain that Edison required a greater amount of insurance than was furnished by plaintiff's policy; that both the policies issued by the plaintiff and the defendants specifically covered property at the location 1487 Broadway, and should contribute pro rata to the loss.

The policies of both the plaintiff and the defendants cover (1) the same insured; (2) they cover the same location; (3) they all cover, among other risks, the risk of fire; (4) they cover the same property; and (5) they all contain the same prorata clause* which is a standard provision of the fire insurance policy of the State of New York. The plaintiff's SMP policy, in addition, contains the following provision:

" I. Other Insurance:

" 1. Section I — Loss by fire or other perils not provided for in 2 below:

" If at the time of the loss, there is other insurance available to the Insured or any other interested party covering such loss or which would have covered such loss except for the existence of this insurance, then this Company shall be liable as follows:

" a. If such insurance is Contributing Insurance defined as any insurance written in the name of the Insured, upon the same plan, terms, conditions and provisions as contained in this policy whether collectible or not, this Company shall be liable for no greater proportion of any loss than the limit of liability under this policy bears to the whole amount of insurance covering such property.

" b. If such insurance is Specific Insurance, defined as any insurance other than that described as Contributing Insurance in (a) above, this Company shall not be liable for any loss hereunder until the liability of such Specific Insurance has been exhausted, and then shall cover only such amount as may exceed the amount due from such Specific Insurance (whether collectible or not) after application of any contribution, co-insurance, average or distribution or other clauses contained in policies of such Specific Insurance effecting the amount collectible there-

---

* This Company shall not be liable for a greater proportion of any loss than the amount hereby insured shall bear to the whole insurance covering the property against the peril involved, whether collectible or not.

under, not exceeding however, the applicable limit of liability under this policy.''

The plaintiff contends that in addition to insuring against the risk of fire, its SMP policy provides against other risks and also covers other liability and affords other coverages which are beyond the coverage provided in the defendants' policies and that therefore defendants' policies are not on the ''same plan, terms, conditions and provisions '' as contained in the SMP policy and accordingly the coverage of its policy is specifically restricted to loss in excess of the coverage provided by the defendants' policies.

We are not persuaded that plaintiff's SMP policy must be treated as excess insurance and the defendants' policies specific insurance so that plaintiff's policy is not to contribute to any loss until the liability of defendants' policies has been exhausted. The test to be applied is not identity in minute particular of the terms, conditions and provisions of each policy, but whether the policies insure the same property, the same interest and against. the same risk. Here we are dealing with the risk of fire. The fact that under the SMP policy the insured had the option for additional premiums to procure more and greater coverage does not so far as this risk is concerned constitute the SMP policy excess insurance. All of the policies cover the same assured, the same interest, the same risk and the same property and must be considered concurrent contributing insurance.

The SMP policy of the plaintiff specifically embodies the 165 lines of the standard fire insurance policy of the State of New York (Insurance Law, § 168). It may not ride as excess insurance and compel the defendants' policies to walk as primary insurance by virtue of its amplification of the prorata provision of the standard fire insurance policy of the State of New York. The plaintiff would have been individually liable under its $100,000 policy and would also have borne all the loss if it had granted the insured an additional $50,000 coverage. The circumstance that the defendants accepted the same or an included risk cannot impose the entire loss upon them on the assumption that theirs was primary insurance. The plaintiff may not relieve itself of liability and foist the entire loss upon the defendants by its granting to the standard policy an inconsistent provision that it will contribute pro rata with other insurance provided the other insurance is on the same plan, terms and conditions and provisions as contained in the plaintiff's policy. Moreover, since both sets of policies contain excess clauses, each provision becomes inoperative and the policies must prorate the loss on the basis of total insurance of $150,000.

Accordingly, judgment should be entered in favor of the defendants against the plaintiff in the sum of $4,167 apportioned among the defendants as follows:

Commercial Union Insurance Company........ $2,083.50
American Casualty Company................. 833.40
Federal Insurance Company of New Jersey..... 833.40
Jefferson Fire Insurance Company............. 416.70

plus interest from September 25, 1964, together with costs and disbursements to the defendants.

Settle order on notice.

BOTEIN, P. J., STEVENS, EAGER, TILZER and RABIN, JJ., concur.

Judgment in favor of defendants against plaintiff in the sum of $4,167, plus interest from September 25, 1964, together with $50 costs and disbursements to the defendants. Settle order on notice.