Felice K. Shea, J.
In this action upon an insurance policy for damages due to fire loss, a jury verdict has been rendered in the sum of $40,855. Upon stipulation of the parties, the affirmative defense of contribution pursuant to the pro rata liability clause contained in the policy was tried before the court. After trial, and after consideration of posttrial memoranda of law and oral argument, the court dismisses the *538 defense of contribution, and holds that plaintiff is entitled to the full amount of the jury’s verdict.
The pro rata clause, a standard provision of fire insurance policies in New York State, reads as follows: "Pro rata liability. This company shall not be liable for a greater proportion of any loss than the amount hereby insured shall bear to the whole insurance covering the property against the peril involved, whether collectible or not.”
Defendant argues that on the date of fire loss, a second fire insurance policy, with Birmingham Insurance Company, was in effect and covered plaintiff’s interest in the damaged property. The law with regard to pro rata liability clauses, as applied to the facts proved herein, does not support defendant’s contention.
The court finds the facts to be as follows: The Birmingham policy was obtained by the property owner, Orbit Record Corp., effective September 15, 1972 for a period of one year. The policy covered "The City of New York, c/o Housing and Development Administration,” as mortgagee, and was amended to cover also "The interest of L.E.D. Construction Corp.”, who had contracted with Orbit to renovate the property. By instrument dated August 26, 1971, plaintiff Eastway Construction Corp. had taken an assignment of the interest of L.E.D. and had agreed to complete the construction work according to Housing and Development Administration specifications. Eastway was unaware of the existence of the Birmingham policy and Birmingham was not apprised of L.E.D.’s assignment to Eastway.
The court finds further, upon the evidence adduced, that effective April 2, 1973, prior to the fire losses, Birmingham canceled its policy with Orbit for failure to pay premiums. It is apparent that Birmingham intended to cancel as to all parties, and there was evidence that it declined liability to Orbit and L.E.D. on the assumption that the policy had been canceled as to them. After the fires occurred on August 8 and August 21, 1973, Birmingham’s only concern, as revealed by correspondence with its adjusters, was whether the City of New York, as mortgagee, was entitled to recover. In fact, the City of New York failed to perfect its claim within the then one-year statutory period of limitation. The evidence reveals no conduct on the part of either Birmingham or L.E.D. consistent with knowledge that coverage for L.E.D. was in effect.
Meanwhile, on June 21, 1973, Eastway had contracted with *539 New York Property Insurance Underwriting Association, defendant herein, for single interest fire insurance "as constructor” on the subject property. The court finds that neither plaintiff nor defendant knew of the Birmingham policy and that they did not contract in contemplation of that policy. Nor was there evidence that either of the parties herein, by later actions, ratified or adopted the Birmingham policy as part of their contract of insurance.
In order to apply the pro rata liability clause, "there must be two or more policies written in the name of the same insured covering the same property.” (3 Richards, Insurance [5th ed 1952] § 538.) The second policy need not be "collectible,” under the terms of the pro rata liability clause. Therefore, the plaintiff cannot rely on the circumstance that the Statute of Limitations has run on the Birmingham policy. (Rickerson v German-American Ins. Co., 6 App Div 550.) But the two policies must insure the same risk, must cover the same property and must insure the same parties or interests. (Lowell Mfg. Co. v Safeguard Fire Ins. Co., 88 NY 591; Continental Ins. Co. v Commercial Union Ins. Co., 27 AD2d 333.)
It is clear that the interests of the plaintiff, as contractor, and the City of New York, as mortgagee, are not identical and that the existence of valid coverage for the mortgagee will not make the pro rata clause applicable. (See Smith v Northern Ins. Co. of N. Y., 232 App Div 354.) The crucial questions are whether the Birmingham policy covered L.E.D. at the time of the fire losses and whether L.E.D. and plaintiff Eastway had identical interests in the insured property so as to set in operation the pro rata liability clause. It would be inequitable to sustain the defense of contribution unless Eastway could have benefited from the Birmingham policy at the time of the loss.
It is the rule in insurance law that property insurance is personal — it will not "run with the property” in the absence of specific provision in the policy. (5A Appleman, Insurance Law & Practice [1970], § 3331, p 122; Genez v Union Marine Ins. Co., 236 App Div 594, revd on other grounds, 262 NY 121, rearg den 262 NY 634.) Were it otherwise, an insurer would have no say in the selection of its insureds. As an assignee of L.E.D.’s interest in the construction contract, Eastway was not insured by the Birmingham policy by operation of law, and no proof was offered of any amendment, endorsement or novation adding or substituting Eastway as an insured. The Birming *540 ham policy contained no language covering an assignee of a named insured nor language from which it might be inferred that such coverage was contemplated. (Cf Genez v Union Marine Ins. Co., supra.) The conclusion is inescapable that Eastway, as assignee of an insured contractor, could not at any time have maintained an action on the Birmingham policy. The defendant’s argument that Eastway could have prevailed upon L.E.D. to maintain an action for Eastway’s benefit is too speculative, in the circumstances herein, to merit consideration.
The purpose of the pro rata clause in a contract of fire insurance is to prevent an insured from obtaining double insurance and recovering more than the extent of his actual loss. But the pro rata policy can be applied only where the second insurance policy is capable of protecting the insured. Under the facts of this case, the Birmingham policy did not protect Eastway.
Since the court finds that Eastway and L.E.D. do not have such an identity of interest as would permit Eastway to benefit from the Birmingham policy, it is not necessary to make a determination as to whether the Birmingham policy was in effect as to L.E.D. at the time of the fire losses.
Accordingly, the affirmative defense of contribution is dismissed.