■ Jefferson Insurance Company of New York, Appellant-Respondent, v Glens Falls Insurance Company et al., Respondents-Appellants, et al., Defendants. — In an action for a declaratory judgment to determine the respective rights of insurers under their policies, plaintiff appeals and defendants Glens Falls Insurance Company and Underwriters Adjusting Company

cross-appeal, from an order of the Supreme Court, Nassau County (Roncallo, J.), dated July 22, 1981, which denied their respective motions for summary judgment. Order reversed, on the law, without costs or disbursements, and the respective motions are granted to the extent that each insurer is directed to contribute in proportion to its limit amount of insurance. On August 9, 1971, a vehicle owned by Gaines Service Leasing Corp. (Gaines), and leased to Glick Construction Co. (Glick), while operated by the latter's employee, one Edward Post, struck an infant pedestrian, Julia Marino, in Syosset, New York. Subsequently, an action was commenced on behalf of the infant in the Supreme Court, Nassau County, against Gaines and Post. Gaines had obtained primary coverage on the vehicle through a policy with Leatherby Insurance Company, said policy having limits of $20,000 per person per accident. Upon the settlement of the Marino lawsuit, the Leatherby policy was exhausted. The instant action for a declaratory judgment arises from a dispute over coverage between Jefferson Insurance Company (Jefferson) and Glens Falls Insurance Company (Glens Falls) (predecessor in interest to defendant Underwriters Adjusting Company). On March 30, 1971, Glens Falls issued a policy of insurance to Glick covering the leased vehicle with limits of $500,000/$1,000,000. On July 1, 1971, a policy of insurance also covering the leased vehicle was issued to Gaines by Jefferson with a limit of $300,000. In its complaint, Jefferson alleged that Glens Falls was obligated to pay that portion of the settlement which remained unsatisfied following exhaustion of the Leatherby policy. Both Jefferson and Glens Falls moved for summary judgment asserting that their respective policies, by their terms, were to be applied subsequent to the application of all other excess insurance on the vehicle in question. Special Term denied the motion and cross motion, holding that there were issues of fact which prevented a summary disposition of the matter and that the issues had to be determined at a plenary proceeding. Initially, we hold that there are no triable issues of fact. The parties do not dispute the facts but merely ask for a determination of their respective rights under the policies (see, e.g., *Federal Ins. Co. v Atlantic Nat. Ins. Co.*, 25 NY2d 71). Turning to the merits, it is first necessary to review the pertinent provisions of the respective policies. The Jefferson policy, which was entitled "Excess Liability Policy", contained a provision for ultimate net loss payment in the amount of $300,000 combined single limit for bodily injury and property damage. The term "ultimate net loss" is defined in the policy as being: "the sums paid in settlement of losses for which the Insured is liable after making deductions for all recoveries, salvages and other insurances (other than recoveries under the policy/ies of the Primary Insurers), whether recoverable or not and shall exclude all expenses and 'costs.'" The policy issued by Glens Falls, entitled "Employers' Non-Ownership Liability" policy, contained the following provision: "Other Insurance. This insurance shall be excess insurance over any other valid and collectible insurance for Bodily Injury Liability and for Property Damage Liability." A reading of the foregoing provisions makes it clear that each provides for excess insurance and each purports to be excess to the other. It is well settled that "where there are multiple policies covering the same risk, and each generally purports to be excess to the other, the excess coverage clauses are held to cancel out each other and each insurer contributes in proportion to its limit amount of insurance (see *Federal Ins. Co. v Atlantic Nat. Ins. Co.*, 25 NY2d 71; *Atlantic Mut. Ins. Co. v Atantic Nat. Ins. Co.*, 38 AD2d 517, affd 33 NY2d 817)" (*Lumbermens Mut. Cas. Co. v Allstate Ins. Co.*, 51 NY2d 651, 655; *Allstate Ins. Co. v Employers Liab. Assur. Corp.*, 445 F2d 1278). In our opinion, this rule should be applied to the instant case and Jefferson and Glens Falls should contribute ratably to cover the balance remaining on the settlement (see

*Public Serv. Mut. Ins. Co. v Fireman's Fund Amer. Ins. Cos.,* 82 AD2d 403, affd 55 NY2d 868). Such result, we believe, will not "effectively deny and clearly distort the plain meaning of the terms of the policies of insurance here involved" as the application of the rule would have accomplished in the *Lumbermens'* case (*supra,* p 655). Lazer, J. P., Mangano, Brown and Niehoff, JJ., concur.