OPINION OF THE COURT
Memorandum.
The order appealed from and the order brought up for review should be reversed and judgment granted declaring that Hartford and Jefferson are to contribute in amounts in accordance with their settlement agreement. Mutual excess policies covering the same risk cancel each other out (Federal Ins. Co. v Atlantic Nat. Ins. Co., 25 NY2d 71). Here, neither clause contains language specifically making one an excess insurer over all other excess insurers *923 covering the same risk, and neither one contains language the plain meaning of which would be distorted by the application of the general rule (contrast Lumbermens Mut. Cas. Co. v Allstate Ins. Co., 51 NY2d 651, with Public Serv. Mut. Ins. Co. v Firemen’s Fund Amer. Ins. Cos., 55 NY2d 868). Accordingly, the insurers have presented no basis upon which to alter the terms of their settlement agreement.
Chief Judge Cooke and Judges Jasen, Gabrielli, Jones, Wachtler, Fuchsberg and Meyer concur.
On review of submissions pursuant to rule 500.2 (b) of the Rules of the Court of Appeals (22 NYCRR 500.2 [g]), order appealed from and order brought up for review reversed, with costs, and judgment granted in accordance with the memorandum herein.