■ FEDERAL INSURANCE COMPANY, Respondent, v COMMERCIAL UNION INSURANCE COMPANY, Appellant.—Main, J. P. Appeal from an order and judgment of the Supreme Court at Special Term (Conway, J.), in favor of plaintiff, entered May 28, 1986 in Albany County, on submission of a controversy upon an agreed statement of facts pursuant to CPLR 3222.

This is an action* for a declaratory judgment respecting the insurance coverage of a vehicle owned by Crist Trucking, Inc. (Crist). As appears from the facts to which the parties have stipulated, this vehicle was involved in a collision with another vehicle on May 11, 1980. At that time, both plaintiff and defendant provided automobile liability insurance coverage to Crist, but neither insurer listed that particular vehicle among its insured vehicles. However, defendant had filed with the Interstate Commerce Commission (ICC) a motor carrier automobile bodily injury liability and property damage certificate of insurance (certificate of insurance). By so doing, defendant was obligated to provide insurance coverage regardless of whether a particular motor vehicle was described in its insurance policy. Plaintiff did not file such a certificate.

Prior to commencement of this action, a suit commenced by the owner and the operator of the vehicle struck by the Crist vehicle was settled, without prejudice to this action, for

---

* Two declaratory judgment actions have been consolidated in this action, and both will be referred to herein as one action.

$152,000. Of this amount, $150,000 was to be paid by plaintiff and defendant in equal shares and the remainder by the insurer of the other vehicle. Plaintiff now seeks indemnification for the amount it paid pursuant to the settlement, since it neither listed the particular vehicle on the policy nor filed a certificate of insurance obligating it to provide coverage in this instance. While defendant concedes that its filing of the ICC certificate of insurance does obligate it to provide coverage, it notes that the policies issued by plaintiff and defendant are identical as to limits of liability and neither policy lists the specific vehicle as one being covered. Therefore, defendant argues that plaintiff should be required to contribute an equal share to the settlement.

Initially, we note that neither plaintiff nor defendant themselves had the duty to file the certificate of insurance with the ICC. The statute requiring the filing of the certificate (49 USC § 10927) requires the motor carrier, in this case Crist, to file the certificate or other type of security. The insurance carriers are not required to make the filing. Furthermore, the record reveals no basis for defendant's assumption that Crist must have requested plaintiff also to file a certificate. Accordingly, the fact that defendant filed the certificate and thereby expanded its insurance coverage does not create a contractual obligation on plaintiff's part also to expand its insurance coverage.

We also do not find that defendant's filing of the certificate operates to relieve plaintiff of responsibility for a share of the settlement, because plaintiff and defendant have provided concurrent insurance coverage. Concurrent coverage exists "where each insurer provides coverage for the same interest and against the same risk" (*Aetna Cas. & Sur. Co. v Merchants Mut. Ins. Co.*, 100 AD2d 318, 319, *affd* 64 NY2d 840; *see, Medical Malpractice Ins. Assn. v Medical Liab. Mut. Ins. Co.*, 86 AD2d 476, 478-479, *lv denied* 57 NY2d 604; *Continental Ins. Co. v Commercial Union Ins. Co.*, 27 AD2d 333, 335-336). Here, both companies have the same insured, Crist; they both provide motor vehicle liability insurance covering the same risk occurring in this case; the insurance policies are identical as to limits of liability; and both policies insure the same type of property, namely, Crist's tractors. If defendant had never filed the certificate of insurance, there would be no question that plaintiff and defendant provided virtually identical coverage. Under such circumstances, it would be improper to penalize defendant for its filing of the certificate by requiring it to bear total responsibility for the settlement payment,

since neither party listed the vehicle in question among its insured vehicles. Accordingly, plaintiff and defendant are each responsible for payment of $75,000 toward the settlement.

Order and judgment reversed, on the law, without costs, and it is declared that plaintiff and defendant have equal responsibility for contributing to the payment of a settlement resulting from the May 11, 1980 accident. Main, J. P., Weiss, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.