■ HOSPITAL UNDERWRITERS MUTUAL INSURANCE COMPANY, Appellant, v NATIONAL CASUALTY COMPANY, Respondent.—In an action, inter alia, for a judgment declaring that the plaintiff and the defendant offer primary insurance to Michael Lawrence, a defendant in an underlying action pending in the Supreme Court, Orange County, entitled King v Arkan, the plaintiff appeals from an order and judgment (one paper) of the Supreme Court, Westchester County (Buell, J.), dated May 26, 1988, which, inter alia, denied the plaintiff's motion for summary judgment, granted the defendant's cross motion for summary judgment, and declared that the plaintiff, as primary insurer, is solely obligated to defend Michael Lawrence in the underlying action and to indemnify him with respect to any judgment against him in that action to the extent of the limits of the policy issued by the plaintiff.

Ordered that the order and judgment is reversed, on the law, with costs, the plaintiff's motion for summary judgment is granted, the defendant's cross motion for summary judgment is denied, and it is declared that the parties insured the same primary risk, making both coinsurers who must ratably

contribute to the defense and indemnification of Michael Lawrence in the underlying action pending in the Supreme Court, Orange County, entitled *King v Arkan.*

The instant action seeks a declaration of the rights and obligations of the plaintiff Hospital Underwriters Mutual Insurance Company and the defendant National Casualty Company with respect to their duty to defend and indemnify Michael Lawrence, a defendant in an underlying action pending in the Supreme Court, Orange County, entitled *King v Arkan.* The underlying action was brought by Kenneth G. King individually, and as administrator of his deceased wife's estate, against, *inter alia,* Elizabeth A. Horton Memorial Hospital, and Michael Lawrence, who was employed by that hospital. The underlying action is to recover damages for personal injuries and wrongful death resulting from negligence and medical malpractice in the care and treatment of Mrs. King while she was undergoing a Caesarian section in the hospital.

The plaintiff issued a hospital comprehensive general and professional liability policy to the Elizabeth A. Horton Memorial Hospital. This policy covered Michael Lawrence as an employee of the hospital. The defendant issued Michael Lawrence a nurse's comprehensive professional liability policy which also covered him for excess liability should he be found liable in the underlying action.

In its complaint, the plaintiff alleged that both parties were primary coinsurers and that, therefore, both parties were obligated to share in the defense and indemnification of Michael Lawrence in the underlying action. The plaintiff moved for summary judgment and the defendant cross-moved for summary judgment, contending that it contracted to insure a secondary rather than a primary risk and, as such, was only liable for any damages assessed against Michael Lawrence in excess of the limits of the primary policy provided by the plaintiff. In the order and judgment appealed from, the Supreme Court, Westchester County (Buell, J.), denied the plaintiff's motion, granted the defendant's cross motion, and declared, *inter alia,* that the plaintiff, as primary insurer, is solely obligated to defend Michael Lawrence in the underlying action and to indemnify him with respect to any judgment obtained against him in that action to the extent of the policy limits.

It is well settled that where there are multiple policies covering the same risk, and each generally purports to cover to "excess" liability, the excess coverage clauses are held to

cancel each other out and each insurer contributes in proportion to the limits of its policy (see, *Kansas City Fire & Mar. Ins. Co. v Hartford Ins. Group,* 57 NY2d 920; *Public Serv. Mut. Ins. Co. v Fireman's Fund Am. Ins. Cos.,* 55 NY2d 868; *United States Fire Ins. Co. v Federal Ins. Co.,* 670 F Supp 1191; *Federal Ins. Co. v Atlantic Natl. Ins. Co.,* 25 NY2d 71; *Jefferson Ins. Co. v Glens Falls Ins. Co.,* 88 AD2d 925). The policies in issue here covered the same primary risk, while purporting to be excess policies. Accordingly, the excess coverage clauses cancel each other out and each insurer should contribute ratably to the defense, and, if necessary, to the indemnification of Michael Lawrence in the underlying action. Mangano, J. P., Thompson, Eiber and Spatt, JJ., concur.