■ ROBERT J. HAUSMAN et al., Appellants, v ROYAL INSURANCE COMPANY et al., Respondents, et al., Defendant.—Order, Supreme Court, New York County (Irma Vidal Santaella, J.), entered June 20, 1988, which denied plaintiffs' motion for summary judgment and defendants' cross motion for summary judgment and further dismissed the action, unanimously reversed, on the law and the facts, with costs, and plaintiffs' motion granted and the declaratory relief sought by plaintiffs granted to the extent of declaring that the defendant Royal is obligated to defend the plaintiffs in the underlying Levinson action and of directing a hearing to assess the legal expenses already incurred by plaintiffs in that action.

Appeal from order of the Supreme Court, New York County (Irma Vidal Santaella, J.), entered December 8, 1988, which denied reargument, dismissed as said order is nonappealable, without costs.

This is an action for a declaratory judgment brought by the

owners of premises known as 1864 Pleasantville Road in Briarcliff Manor, New York, against the lessee of the premises, Chilmark Pharmacy, Inc., the lessee's insurance company, Royal Insurance Company, and a person allegedly injured on the premises on August 1, 1986, Rascha Levinson. Following the alleged accident, said Levinson sued the plaintiffs herein.

Plaintiffs moved for summary judgment against the defendants Royal Insurance Company and Chilmark Pharmacy, Inc. declaring that Royal is obligated to defend and indemnify plaintiffs in the underlying Levinson action and that Chilmark Pharmacy is obligated to indemnify the plaintiffs in the underlying Levinson action.

Defendants Royal and Chilmark Pharmacy cross-moved for an order granting summary judgment to the said defendants "declaring that concurrant [sic] coverage exists."

In the cross motion the defendant Royal, the lessee's insurance company, admitted its liability for coverage and indemnity. Royal's contention is that there is concurrent coverage with the owner's insurance company, Public Service Mutual Insurance Company. This was based upon the lease agreement between the owner and lessee and upon provisions contained in the insurance policies.

The insurance coverage alleged to be in existence on the date of the accident arose in the following manner. The plaintiff owners entered into a lease agreement with the defendant Chilmark Pharmacy for lease of the aforementioned premises. The lease agreement contained a clause (para 8) stating that defendant Chilmark Pharmacy would hold harmless the plaintiffs from any damages resulting from bodily injury on the premises. The lease agreement further provided that the defendant Chilmark Pharmacy would obtain liability insurance coverage for the benefit of the owner-lessors. Subsequently, the defendant Chilmark Pharmacy obtained liability coverage from the defendant Royal Insurance and, in the cross motion, defendant Royal has admitted coverage.

The plaintiff owners also obtained insurance coverage from Public Service Mutual Insurance Company (Public Service). Although it is not a party to this action, the papers indicate that Public Service has admitted its duty to defend and indemnify.

Both insurance policies contain clauses stating that they are excess carriers. The Royal policy contains a clause in part three which reads: "This insurance shall be excess insurance

over any valid and collectible insurance available to the insured." The Public Service policy contains a paragraph 4 in the nonownership liability section which reads as follows: "The 'Other Insurance' condition is replaced by the following: The insurance afforded by this endorsement shall be excess insurance over any other valid and collectible insurance available to the insured."

The two policies also contain single-limit coverage for the premises in the sum of $1 million. "The general rule is, of course, that where there are multiple policies covering the same risk, and each generally purports to be excess to the other, the excess coverage clauses are held to cancel out each other and each insurer contributes in proportion to its limit amount of insurance" *(Lumbermens Mut. Cas. Co. v Allstate Ins. Co.,* 51 NY2d 651, 655 [1980]; *see also, Jefferson Ins. Co. v Glens Falls Ins. Co.,* 88 AD2d 925 [2d Dept 1982]). Thus it would appear that both Royal and Public Service have a duty, at the very least, to defend. Plaintiffs' motion for summary judgment should have been granted and a declaration made as indicated.

Finally, there is no merit to the argument, accepted by the motion court, that Public Service Mutual, plaintiffs' other insurer, is a necessary party to this action. That insurer has already fulfilled its obligation to defend plaintiffs. Its rights cannot be adversely affected here. Concur—Sullivan, J. P., Carro, Milonas and Smith, JJ.