■ FEDERAL INSURANCE COMPANY, Appellant, v EMPIRE MUTUAL INSURANCE COMPANY, Respondent.—Order, Supreme Court, New York County (David B. Saxe, J.), entered on or about January 15, 1991, which, *inter alia,* granted partial

summary judgment to plaintiff-appellant, unanimously affirmed, without costs.

In this action for a declaratory judgment, plaintiff insurer, Federal Insurance Company ("Federal"), appeals from so much of an order as declined to hold that the policy of defendant insurer, Empire Mutual Insurance Company ("Empire"), provided primary coverage to a common insured in an underlying negligence action. Instead, the IAS court declared that, in the circumstances presented, each insurer provided concurrent, excess insurance. The underlying negligence claims were brought against insureds Key Food Co-operative, Inc. ("Key Food") and R-Jo Trucking Corp. ("R-Jo"), by Nelson Cedeno, who alleged, by amended summons and complaint served on or about June 6, 1985, that he sustained serious physical injuries while unloading Key Food merchandise from a tractor-trailer owned by R-Jo.

Under the "Trucker's Policy" issued by Empire, which policy had a $500,000 liability limit, R-Jo was the first-named insured and Key Food was an additional insured. Under the "Business Auto Policy", issued by Federal, which also contained a liability limit of $500,000, Key Food was the first-named insured, and R-Jo an additional insured.

Following Empire's refusal to defend and indemnify Key Food, Federal undertook the defense, and ultimately settled Cedeno's claims for $100,000. Thereafter, Federal commenced the instant action seeking a declaration that Empire provided primary coverage for Key Food, and was therefore obligated to reimburse Federal for the amount of the settlement, as well as for its costs. We affirm the IAS court's ruling that neither of the two policies provided primary coverage, since the terms of each specified that it was excess insurance for accidents arising out of vehicles not owned by the insureds. It is undisputed that the vehicle in question was owned by R-Jo and not Key Food, which results in excess, rather than primary, coverage for Key Food under the policies of both Federal and Empire.

The law is well settled that where different insurers provide coverage for the same interest and against the same risk, concurrent coverage exists *(Federal Ins. Co. v Commercial Union Ins. Co.,* 126 AD2d 892, 893, *lv denied* 69 NY2d 610). Further, where two excess policies purport to be excess to each other, the excess coverage clauses cancel each other out, and render each policy primary *(Federal Ins. Co. v Atlantic Natl. Ins. Co.,* 25 NY2d 71, 75). The liability of each insurer is measured in proportion to its undertaking, so that each makes

a pro rata contribution *(Jefferson Ins. Co. v Glens Falls Ins. Co.,* 88 AD2d 925, 926; *American Home Assur. Co. v Hartford Ins. Co.,* 74 AD2d 224, 228-229). Here, the liability insurance limits of the policies in question are identical and, accordingly, the IAS court correctly ruled that Empire must reimburse Federal for one-half of the Cedeno settlement. Concur— Carro, J. P., Wallach, Kassal and Rubin, JJ.