■ In the Matter of the Liquidation of MIDLAND INSURANCE COMPANY. BAYLY, MARTIN & FAY, INC., Now Known as TTP OF NEW YORK, INC., Appellant. SALVATORE CURIALE, Superintendent of Insurance of the State of New York and Administrator of the New York Property/Casualty Insurance Security Fund, as Liquidator, Respondent. [605 NYS2d 300] —Order, Supreme Court, New York County (Beverly Cohen, J.), entered on or about July 27, 1992, which granted the Superintendent of Insurance's motion for partial summary judgment dismissing the claims of Bayly, Martin & Fay, Inc., now known as TTP of New York, Inc., and denied claimant's cross-motion for summary judgment and declaratory relief in its favor, unanimously affirmed, without costs.

In an admittedly unusual program of liability insurance for the County of Westchester, the managing broker committed itself to paying the insured County's attorney fees and obtained its own insurance for this obligation under this attorney-fee-only policy. That policy unambiguously covers nothing but the attorney fees that the broker may have to pay the County. The "attorney-fee-only" policy is not therefore a policy of "insurance against legal liability of the insured, and against loss, damage or expense incident to a claim of such liability" eligible for the New York Property/Casualty Insurance Security Fund under Insurance Law § 1113 (a) (13) and (14) and § 7603 (a) (1) (B). Since the issue can be resolved according to the plain meaning of the statutes *(see, Matter of Allstate Ins. Co. v Libow,* 106 AD2d 110, 114, *affd* 65 NY2d 807) and the relevant policy *(see, Kansas City Fire & Mar. Ins. Co. v Hartford Ins. Group,* 57 NY2d 920), the IAS Court properly declined to consider extrinsic evidence regarding the parties' intent *(see, Chase v United Hosp.,* 60 AD2d 558, 559). Given the unambiguous wording of the relevant statutes and agreements, claimant cannot meet its burden of affirmatively showing a likelihood that as yet undiscovered evidence within the exclusive knowledge and control of the Superintendent, concerning purely collateral aspects of the underlying liquidation, would be relevant *(see, Finnerty v Brookhaven Mem. Hosp.,* 116 AD2d 693, 694).

We have considered the claimant's remaining arguments, and find them to be without merit. Concur—Sullivan, J. P., Wallach, Asch and Nardelli, JJ.