■ Dominic Nigro et al., Respondents, v State Farm Automobile Insurance Company, Appellant. [652 NYS2d 746] —In an action for a judgment declaring that the defendant has an obligation to provide additional no-fault insurance benefits in the sum of $50,000 to the plaintiff Dominic Nigro, the defendant appeals from an order and judgment (one paper) of the Supreme Court, Suffolk County (Tanenbaum, J.), dated April 8, 1996, which granted the plaintiffs' motion for summary judgment, denied the defendant's cross motion for the same relief, and made the declaration.

Ordered that the order and judgment is reversed, on the law, with costs, the plaintiffs' motion is denied, the defendant's cross motion is granted, and it is declared that the defendant is not obligated to provide any additional no-fault insurance benefits to the plaintiff Dominic Nigro.

The plaintiff Dominic Nigro was seriously injured when he was hit by a truck. He received $50,000 in mandatory no-fault insurance benefits from the truck's insurer. He then applied for and received $50,000 in additional no-fault insurance benefits from the defendant State Farm Automobile Insurance Company (hereinafter State Farm) under one of his wife's two insurance policies with that insurance carrier. The policies insured two different vehicles for different time periods with some overlap of time. Both policies contained identical endorsements with the following language: "Subject to the provisions of the preceding three paragraphs, if the eligible injured person is entitled to benefits under any other optional first party automobile or no-fault automobile insurance for the same elements of loss covered by this endorsement, [State Farm] shall be liable only for an amount equal to the portion that the total amount available under this endorsement *bears to the sum of*

*the amount available under this endorsement* and such other optional insurance, for the same elements of loss" (emphasis supplied).

In the order appealed from, the Supreme Court quoted from the foregoing provision, omitting the emphasized language. Thus, the Supreme Court incorrectly found that State Farm is liable to the plaintiffs for an amount equal to "the total amount available under this endorsement * * * and such other optional insurance".

As State Farm correctly contends, the total amount available under one policy equals $50,000, and the sum of the amounts available under both policies equals $100,000. Thus, State Farm's pro rata liability equals $25,000 under one policy and $50,000 under both policies. Since State Farm has already paid the plaintiff Dominic Nigro $50,000, it has no further liability to him *(see, Matter of Crum & Forster Org. v Morgan,* 192 AD2d 652; *Federal Ins. Co. v Empire Mut. Ins. Co.,* 181 AD2d 568; *Federal Ins. Co. v Commercial Union Ins. Co.,* 126 AD2d 892). Miller, J. P., Joy, Altman and Goldstein, JJ., concur.