**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| GEMINI INSURANCE COMPANY, | No. 13-16643 |
| Plaintiff-counter-defendant - Appellee, | D.C. No. 1:10-cv-00637-LEK-BMK |
| v. | |
| INDIAN HARBOR INSURANCE COMPANY, | MEMORANDUM[*] |
| Third-party-defendant-counter-claimant - Appellant. | |

Appeal from the United States District Court
for the District of Hawaii
Leslie E. Kobayashi, District Judge, Presiding

Argued and Submitted June 10, 2015
Honolulu, Hawaii

Before: WARDLAW, BERZON, and OWENS, Circuit Judges.

    Indian Harbor Insurance Company ("Indian Harbor") appeals the district

court's judgment in favor of Gemini Insurance Company ("Gemini"). As the

parties are familiar with the facts and procedural history, we do not repeat them

_____

    [*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

here.  Having jurisdiction under 28 U.S.C. § 1291, we reverse and remand for further proceedings consistent with this disposition.

We disagree with the district court's conclusion that the Gemini and Indian Harbor policies insure against different risks.[1]  The policies provided overlapping coverage for risk of loss from property damage or bodily injury due to pollution. *See Cont'l Ins. Co. v. Commercial Union Ins. Co.*, 278 N.Y.S.2d 995, 998 (1967); *see also Aetna Cas. & Sur. Co. v. Merchs. Mut. Ins. Co.*, 475 N.Y.S.2d 517, 518 (1984).  Thus, pursuant to each policy's "other insurance" clause, Indian Harbor's policy was excess to Gemini's.  *See Sport Rock Int'l, Inc. v. Am. Cas. Co. of Reading, PA*, 878 N.Y.S.2d 339, 344-45 (2009) [hereinafter *Sport Rock*].  The plain language of Indian Harbor's policy and the policy's purpose—evidenced by the stated coverage and premium paid—further support a conclusion that Indian

---

[1] Gemini contends that Hawaii law governs Indian Harbor's obligations under its policy despite a choice-of-law provision in the Indian Harbor policy selecting New York law.  This is not so.  Under Hawaii's choice-of-law rules, a contractual choice-of law provision will be upheld so long as the chosen law "has some nexus with the parties or the contract." *Del Monte Fresh Produce (Hawaii), Inc. v. Fireman's Fund Ins. Co.*, 117 Haw. 357, 364 (2007) (quoting *Airgo, Inc. v. Horizon Cargo Transp., Inc.*, 66 Haw. 590, 595 (1983)).  Indian Harbor established New York's connection with the contract by demonstrating that Indian Harbor's directors, officers, and claims personnel, including the head of the claims department responsible for the claims at issue in this case, were located in its New York office.  Given these facts, we do not decide whether this issue was waived.

Harbor was the excess insurer.  *See Gen. Motors Acceptance Corp. v. Nationwide Ins. Co.*, 4 N.Y.3d 451, 457 (2005); *Sport Rock*, 878 N.Y.S.2d at 346-47.

As an excess insurer, Indian Harbor was not obligated to pay defense costs until Gemini's coverage was exhausted.  *See Fieldston Property Owners Ass'n v. Hermitage Ins. Co.*, 16 N.Y.3d 257, 265 (2011); *Int'l Bus. Machines Corp. v. Liberty Mut. Fire Ins. Co.*, 303 F.3d 419, 429 (2d Cir. 2002).  As to the Schredder Action settlement, the stipulated judgment stated that both insurers were obligated to indemnify the insured for the entirety of the settlement.  And, Indian Harbor was not obligated to pay any of that amount until Gemini's coverage was exhausted.  *See Gen. Acc. Fire & Life Assur. Corp. v. Piazza*, 4 N.Y.2d 659, 669 (1958).

On remand, the district court should determine whether the primary policy and the self-insured retention were exhausted and order contribution and reimbursement accordingly.  Each party shall bear its own costs on appeal.

**REVERSED** and **REMANDED** for further proceedings consistent with this disposition.