**RETAIL SOFTWARE SERVICES, INC.,**
**Plaintiff-Appellant,**

**v.**

**Hal LASHLEE, Jill Weissman as Special Administrator of the Estate of George Tate, Glenn Johnson, William Janeski, Jay Sargeant, Robert Fick, Jamie James, Raphael Cristy and Investment Marketing Associates, Inc., Defendants,**

**William Janeski and Robert Fick,**
**Defendants–Appellees.**

**No. 87–7524.**

United States Court of Appeals, Second Circuit.

Feb. 11, 1988.

Before KAUFMAN, CARDAMONE, and PRATT, Circuit Judges.

ORDER

On consideration of the briefs and records and the oral argument in this appeal, it is hereby ORDERED that the Clerk of the Court transmit to the Clerk of the New York Court of Appeals a Certificate in the form attached, together with a complete set of the briefs, appendix, and record filed by the parties with this court.

UNITED STATES COURT OF APPEALS

FOR THE SECOND CIRCUIT

RETAIL SOFTWARE SERVICES, INC.,
Plaintiff–Appellant,

—against—

HAL LASHLEE, JILL WEISSMAN AS SPECIAL ADMINISTRATOR OF THE ESTATE OF GEORGE TATE, GLENN JOHNSON, WILLIAM JANESKI, JAY SARGEANT, ROBERT FICK, JAMIE JAMES, RAPHAEL CRISTY AND INVESTMENT MARKETING ASSOCIATES, INC., Defendants,

WILLIAM JANESKI AND ROBERT FICK,
Defendants–Appellees.

Certificate

to

The New York Court of Appeals

(pursuant to McKinney's Revised 1986 New York Rules of Court § 500.17(b)—certification of unsettled question of state law)

In early 1984 Retail Software Services ("RSS"), a New York corporation, purchased from Software Centre International ("SCI"), a California-based franchisor, seven franchises for retail microcomputer software stores to be located in Manhattan and on Long Island. Shortly thereafter, SCI filed for bankruptcy.

In order to salvage something from its lost investment, RSS brought this action in the United States District Court for the Southern District of New York against var-

ious individuals and a corporation associated with the bankrupt SCI. RSS alleged claims of common law fraud, breach of fiduciary duty, a violation of the federal civil RICO statute, and of particular relevance here, violations of New York's Franchise Sales Act, N.Y.Gen.Bus.Law §§ 680 et seq. (McKinney 1984).

Three individual defendants moved in the district court to dismiss for lack of personal jurisdiction: Robert Fick, who was SCI's vice president for finance and who owned .7% of SCI's stock; William Janeski, who was president of SCI; and the estate of George Tate, who had been a director, 31.55% shareholder, vice president, and secretary of SCI. Fick and Janeski are alleged to have made, at a California meeting with RSS, misrepresentations about SCI's financial condition, the nature of Tate's involvement with the venture, and the extent to which SCI would provide training facilities in New York. Tate, who was well known in the software field, is alleged to have allowed the other defendants to misrepresent the extent of his involvement with SCI franchises. RSS also claims that SCI caused its franchisees, including RSS, to purchase obsolete goods from one of Tate's other companies.

In opposition RSS asserted as one of its claimed bases for jurisdiction § 686 of New York's General Business Law which provides:

> Any person who shall offer to sell or sell a franchise in this state as a franchisor, subfranchisor or franchise sales agent, shall be deemed to have irrevocably appointed the secretary of state as his or its agent upon whom may be served any summons, complaint, * * * or other process directed to such person, * * * in any action, investigation, or proceeding which arises under this article or a rule hereunder, with the same force and validity as if served personally on such person.

The district court rejected § 686 as a basis for jurisdiction, holding that the statute merely provides a method for service of process on the individual defendants, but does not supply an independent basis for personal jurisdiction. On appeal RSS contends that service of process on the Secretary of State gave the district court jurisdiction over the individual defendants. The individuals contend that the state legislation did not intend the statute to establish jurisdiction, but that if it did so intend, the statute violates the due process clause of the fourteenth amendment.

The determinative question of New York law involved in this case is whether New York's Franchise Sales Act, N.Y.Gen. Bus.Law § 686 (McKinney 1984), provides a basis for personal jurisdiction as well as a method for service of process. There is no controlling precedent of the Court of Appeals; indeed, there is no reported case construing § 686.

The question should be decided by the New York Court of Appeals at this time because § 686 reflects a policy of the state legislature to protect operators of franchises in New York State, because determination of the legislative intent with respect to the possible jurisdictional application of § 686 is important to operators of many of the franchises existing in New York, and because without a definitive interpretation of the New York statute by the Court of Appeals there would be no "sufficient sources of state law" to allow this federal court to make a "principled rather than conjectural" decision. See Fla. Ex rel. Shevin v. Exxon Corp., 526 F.2d 266, 274–75 (5th Cir.1976); Wright, Miller & Cooper, Federal Practice and Procedure: Jurisdiction § 4248 at 528 (1978). In addition, in view of the constitutional challenge to plaintiff's interpretation of § 686, it is appropriate that the New York court should have an opportunity first to interpret the statute.

The question herein presented is likely to recur, and its resolution at this time by the New York Court of Appeals would aid in the administration of justice.

The foregoing is hereby certified to the Court of Appeals of the State of New York as ordered by the United States Court of Appeals for the Second Circuit.

Dated at New York, New York, this 11th day of February, 1988.

/s/ ELAINE B. GOLDSMITH
*Clerk of the United States Court of Appeals for the Second Circuit*