929 F.2d 62
 OLIN CORPORATION, Plaintiff-Appellant,
v.
INSURANCE COMPANY OF NORTH AMERICA; the Hanover Insurance
Company (as successor to Massachusetts Bonding & Insurance
Company); American Home Assurance Company; American
Re-Insurance Company; Certain Underwriters at Lloyd's of
London and London Market Insurance Companies; Commercial
Union Insurance Company (as successor to Employers'
Liability Assurance Corporation, Ltd., and Employers'
Commercial Union Insurance Company of America); Continental
Casualty Company; Employers Insurance of Wausau a Mutual
Company; Falcon Insurance Company (as successor to
Employers' Surplus Lines Insurance Company); Federal
Insurance Company; Fireman's Fund Insurance Company; Great
American Insurance Company; the Home Insurance Company;
Lexington Insurance Company; London & Edinburgh Insurance
Company, Ltd.; National American Insurance Company of New
York (as successor to Stuyvesant Insurance Company);
National Union Fire Insurance Company of Pittsburgh; North
River Insurance Company; Northbrook Excess and Surplus
Insurance Company; Transit Casualty Company, Defendants,
Insurance Company of North America; the Hanover Insurance
Company (as successor to Massachusetts Bonding & Insurance
Company); American Home Assurance Company; American
Re-Insurance Company; Commercial Union Insurance Company
(as successor to Employers' Liability Assurance Corporation,
Ltd., and Employers' Commercial Union Insurance Company of
America); Continental Casualty Company; Falcon Insurance
Company (as successor to Employers' Surplus Lines Insurance
Company); Federal Insurance Company; Great American
Insurance Company; Lexington Insurance Company; National
American Insurance Company of New York (as successor to
Stuyvesant Insurance Company); National Union Fire
Insurance Company of Pittsburgh; Northbrook Excess and
Surplus Insurance Company, Defendants-Appellees.
 No. 1203, Docket 90-9023.
 United States Court of Appeals,
Second Circuit.
 Argued March 20, 1991.
Decided March 26, 1991.
 
 James J. Harrington, Olin Corp., Stamford, Conn. (Steven A. Dvorkin, E. McIntosh Cover, Olin Corp., Stamford, Conn., Haythe & Curley, New York City, of counsel), for appellant.
 Dale C. Christensen, Jr., New York City (R. Scott Garley, Joseph E. Field, Seward & Kissel, New York City, of counsel), for appellee Hanover Ins. Co.
 Paul R. Koepff, New York City (Gabriella S. Tussusov, Mudge Rose Guthrie Alexander & Ferdon, New York City, of counsel), for appellee Insurance Co. of North America.
 Theodore M. Greenberg, Locker, Greenberg & Brainin, New York City, on the brief, for appellees Falcon Ins. Co. and Commercial Union Ins. Co.
 Harold H. Wolgel, Lawrence L. Flynn, Gottesman, Wolgel, Smith & Secunda, New York City, on the brief, for appellee Great American Ins. Co.
 James W. Greene, Bromley, Greene & Walsh, Washington, D.C., Barry G. Saretsky, Allen G. Katz, Bower & Gardner, New York City, on the brief, for appellees American Re-Insurance Co., Continental Cas. Co., National American Ins. Co. of California and Northbrook Ins. Co.
 James P. Shaller, M. Elizabeth Medaglia, Richard W. Bryan, Jackson & Campbell, Washington, D.C., Peter I. Sheft, Sheft & Sheft, New York City, on the brief, for appellees National Union Fire Ins. Co. of Pittsburgh, Pa., American Home Assur. Co. and Lexington Ins. Co.
 Richard H. Gimer, John G. DeGooyer, Laura A. Lane, Hopkins & Sutter, Washington, D.C., on the brief, for appellees Falcon Ins. Co. and Commercial Union Ins. Co.
 Joseph H. Spain, Barry W. Rashkover, Rogers & Wells, New York City, on the brief, for appellee Federal Ins. Co.
 Before FEINBERG, MESKILL and ALTIMARI, Circuit Judges.
 PER CURIAM:
 
 
 1
 This is an appeal from a judgment entered in the United States District Court for the Southern District of New York, Sand, J., on October 24, 1990, granting the defendant insurers' motions for partial summary judgment on Counts Four and Seven of Olin Corporation's (Olin) complaint. The district court ordered that final judgment be entered on these two counts pursuant to Fed.R.Civ.P. 54(b).
 
 
 2
 Olin initiated this action against several insurers from which it had purchased primary or excess comprehensive general liability coverage. In Counts Four and Seven, Olin sought a declaration that these insurers were obligated to indemnify it for any liabilities stemming from mercury contamination that occurred at the site of Olin's plant in Saltville, Virginia. The defendant insurers moved for summary judgment on these counts, arguing that New York law controlled and that Olin had failed to provide them with timely notice of the potential claims relating to the Saltville contamination.
 
 
 3
 In a careful and thorough opinion, Judge Sand held that all of the insurance policies at issue were controlled by New York law and concluded that Olin had failed to notify any of its insurers in a timely fashion. Judge Sand, therefore, granted the defendants' motions for partial summary judgment. We conclude that the district court properly chose to apply New York law to the insurance contracts and that it correctly held as a matter of law that Olin failed to provide all its insurers with timely notice of occurrence. Finally, we reject Olin's invitation to certify to the New York Court of Appeals the question of whether an insurer must demonstrate actual prejudice resulting from late notice in the context of environmental contamination claims. Certification is warranted only when applicable state law is unclear or nonexistent. See Retail Software Services, Inc. v. Lashlee, 838 F.2d 661, 662 (2d Cir.1988). There is abundant New York precedent establishing that an insurer need not demonstrate prejudice when a late notice defense is advanced. We recently recognized this well established principle of New York law. See Ogden Corp. v. Travelers Indemnity Co., 924 F.2d 39, 42-43 (2d Cir.1991). Accordingly, we affirm substantially for the reasons stated by Judge Sand in his opinion dated August 2, 1990. See Olin Corp. v. Insurance Co. of North America, 743 F.Supp. 1044 (S.D.N.Y.1990).
 
 
 4
 Judgment affirmed.