**AMERICAN HOME ASSURANCE COMPANY, Plaintiff,**

v.

**REPUBLIC INSURANCE COMPANY and United National Insurance Company, Defendants.**

**No. 90 Civ. 4095(MEL).**

United States District Court, S.D. New York.

May 4, 1994.

---

78

Satterlee Stephens Burke & Burke, New York City, for plaintiffs American Home Assur. Co., Seymour Metnick and Scott Seskin; Jan R. Uhrbach, of counsel.

Wohl Newman Zich & Entwistle, New York City, for defendants; Andrew J. Entwistle, of counsel.

LASKER, District Judge.

Defendants move for sanctions against American Home and its attorneys pursuant to Rule 11 of the Federal Rules of Civil Procedure. Defendants assert that American Home "brought and prosecuted a wholly meritless claim with no basis in law" because the legal argument advanced by American Home—that an excess carrier must show prejudice when basing a defense on untimely notice—was not "warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law." Fed. R.Civ.P. Rule 11(b)(2).

American Home commenced this suit in Supreme Court, New York County, on April 23, 1990, against the defendants for contribution on a claims settlement. The case was removed to this court upon motion by the defendants. Plaintiff's motion to remand was denied. In June 1991, the defendants moved for summary judgment on the ground

that American Home's claims were barred by failure to provide them timely notice. In opposing the motion, American Home argued that notice was timely given and, alternatively, that an excess insurer could not effectively plead failure to provide timely notice as a defense without alleging that it was prejudiced by the untimeliness of the notification. The motion for summary judgment was granted on the finding that the notice given to the defendants was untimely and that the "no prejudice" rule applied to excess insurers. *American Home Assurance Co. v. Republic Insurance Co.*, 788 F.Supp. 214 (S.D.N.Y.1992). That decision was affirmed by the Second Circuit, which held that an excess carrier was a "primary" insurer for purposes of applying the "no prejudice" rule. *American Home Assurance Co. v. Republic Insurance Co.*, 984 F.2d 76, 78 (2d Cir.1993).

The determinative issue on this motion is whether, at the time of the institution of this suit in April 1990, New York law was so settled and clear in applying the "no prejudice" rule to *excess* insurers as to make American Home's argument to the contrary unacceptable under Rule 11. The issue is clouded by the fact that insurance companies have been described variously—and sometimes interchangeably—both by the courts and insurance companies themselves as "primary," "direct," "secondary," "excess" or "reinsurers," depending on the type of liability coverage provided. The parties agree that the defendant insurance companies in this case were excess insurers.

Since the decision of the New York Court of Appeals in *Security Mutual Insurance Co. v. Acker–Fitzsimons*, 31 N.Y.2d 436, 340 N.Y.S.2d 902, 293 N.E.2d 76 (1972), it has been established that the failure of the insured to give timely notice to a *primary* insurer constitutes an absolute defense to a suit against the insurer, even if the insurer has not been prejudiced as a result of the failure.

At the time this suit was filed in May 1991, no New York court had specifically addressed the application of the "no prejudice" rule to *excess* insurers. In May 1992, a year after this suit was filed, the New York Court of Appeals held for the first time that the "no

prejudice" rule should not apply to *reinsurers* because of the "differences in the contractual undertakings of reinsurers and primary insurers." *Unigard Security Ins. Co. v. North River Ins. Co.*, 79 N.Y.2d 576, 583, 584 N.Y.S.2d 290, 293, 594 N.E.2d 571, 574 (1992). The New York Court of Appeals held that the rationale for the "no prejudice" rule—that without timely notice, an insurer may be deprived of the opportunity to investigate a claim and may be prevented from providing a sufficient reserve fund—did not apply to a reinsurer. "A reinsurer is not responsible for providing a defense, for investigating the claim or for attempting to get control of the claim in order to effect an early settlement." *Id.*

While the decision of the New York Court of Appeals in *Unigard* was not available to American Home in August 1991 when it submitted its memorandum in opposition to defendants' successful motion for summary judgment in this case, Judge Sweet's opinion in *Unigard Security Ins. Co. v. North River Ins. Co.*, 762 F.Supp. 566 (S.D.N.Y.1991), was available. In a section of the opinion, titled "Insurance Industry Custom and Practice," Judge Sweet had placed *excess* insurers and *reinsurers* in the same category and used the terms interchangeably, as distinguished from *primary* or *direct* insurers. *Id.* at 580–81. He concluded that the rationale underlying the "no prejudice" rule did not apply to reinsurers and the New York Court of Appeals, to which the matter was certified on appeal, ultimately agreed.

Moreover, Judge Leisure's opinion in *Christiana General Insurance Corp. v. Great American Insurance Co.*, 745 F.Supp. 150, 158 (S.D.N.Y.1990), contained language that could possibly have been construed to mean that an excess policy is a type of reinsurance: "This action involves a contract between an insurer and a reinsurer, where the underlying insurance is an excess, rather than primary, policy."

Defendants, and our earlier opinion, relied on *Olin Corp. v. Insurance Co. of North America*, 929 F.2d 62 (2d Cir.1991), a case in which the Second Circuit treated *excess* and *primary* insurers alike and applied the "no prejudice" rule. The *Olin* Court did not distinguish between primary and excess insurance as two separate categories of insurance; it observed only that the district court had correctly applied the "well established principle of New York law" that "an insurer need not demonstrate prejudice when a late notice defense is advanced." *Id.* at 63. However, Judge Sand's opinion below in *Olin* had distinguished excess insurers from primary insurers to this extent: "Olin's obligation to notify its excess insurers is slightly different from its obligations to notify its primary carriers ... in excess liability insurance ... the excess insurer does not undertake to defend the assured." *Olin Corp. v. Insurance Co. of North America*, 743 F.Supp. 1044, 1054 (S.D.N.Y.1990). Nevertheless, Judge Sand concluded that the plaintiff had not timely notified either its primary or its excess carrier and that neither the primary nor excess insurer was required to show prejudice.

Apart from relying on the Second Circuit's opinion in *Olin*, our earlier decision rejected American Home's position that excess insurers should be viewed as reinsurers rather than direct insurers on the ground that:

> "American Home's position is based on a false premise: that excess insurers are not actively involved in litigation or settlement of the claims and therefore have no need for prompt notice. The argument is belied by the fact that in this case American Home itself is an excess insurer only, albeit one layer removed from defendants, and yet was the primary negotiator that settled the underlying claims...."

*American Home*, 788 F.Supp. at 216.

In its memorandum in opposition to the defendants' motion for summary judgment, American Home relied on the district court opinions in *Unigard, Christiana* and *Olin* to support its argument that excess carriers were more akin to reinsurers than primary insurers and that the "no prejudice" rule should be limited to primary insurers. The interchangeable use of the terms "excess insurer" and "reinsurer" in these cases created sufficient confusion to support an argument that the law was not settled and that the "no prejudice rule" should not apply to an excess insurer.

Moreover, American Home's memorandum in opposition to the present motion for sanctions, cites a post-*Unigard* Appellate Division case which holds that a co-excess carrier's failure to receive timely notice of an insured event does not constitute a defense unless the defendant establishes that it was prejudiced by the lack of notice, *Crum & Forster v. Morgan,* 192 A.D.2d 652, 596 N.Y.S.2d 472, 474 (2d Dept.1993); as well as a New York Supreme Court case discussing the need to show prejudice with regard to an excess carrier, *New York City Housing Authority v. Insurance Co. of North America,* Index No. 105404/93 (New York County, July 1993).

For purposes of this motion, it is unimportant whether these two cases correctly state the law post-*Unigard.* Whether they do or not, these decisions and the district court cases previously cited illustrate that the state of the law at the time this suit was brought was not so clear as to render American Home's prosecution of the suit "not warranted by existing law or by a non-frivolous argument for the extension, modification, or reversal of existing law or the establishment of new law." Accordingly, defendants' motion for sanctions on this ground is denied.

Defendants also move for sanctions against American Home because of its earlier opposition to the removal of this case to this court. While American Home's position on that motion was in error, error alone does not warrant the imposition of sanctions.

Defendants' motion for Rule 11 sanctions is denied. It is so ordered.