■ JOSEPH C. LOSI, by His Parent and Natural Guardian, JUDITH LOSI, et al., Respondents, v HANOVER INSURANCE COMPANY, Appellant, et al., Defendant.—In an action for a judgment declaring that Hanover Insurance Company must defend and indemnify the plaintiffs with respect to an occurrence on July 29, 1979, Hanover Insurance Company appeals from a judgment of the Supreme Court, Putnam County (Dickinson, J.), dated December 19, 1986, which, *inter alia,* denied its motion for summary judgment and which granted the plaintiffs' cross motion for summary judgment as to it, and de-

clared that the appellant must defend and indemnify the plaintiffs with respect to the occurrence on July 29, 1979.

Ordered that the judgment is reversed, on the law, with costs, the defendant's motion is granted, the plaintiffs' cross motion is denied, and it is declared that the appellant has no duty to defend or indemnify the plaintiff with respect to an accident which occurred on July 29, 1979.

The infant plaintiff Joseph C. Losi was in his parents' home on July 29, 1979, when he was injured by a metal splinter which had flown off a wedge his father was using to split wood. A homeowners' policy issued by the appellant was in effect at the time of the accident. The policy contained a provision requiring that "written notice [of an accident be provided] to the Company or any of its authorized agents as soon as practicable".

Written notice of the accident was received by the appellant on July 31, 1981, more than two years after the accident, whereupon the appellant sent a letter to the Losis reserving its right to disclaim under the policy because of failure to comply with the notice provisions contained in the policy. In September 1981 a formal disclaimer was forwarded by the appellant on the ground that the company did not receive timely written notice of the accident.

While the disclaimer letter was sent to both of the insureds under the policy, the infant's mother and father, the disclaimer was not sent to the infant himself or to the mother in her capacity as guardian ad litem. The Supreme Court, Putnam County, held that the disclaimer was invalid since the statute requires it to be sent to both the insured and the injured party (see, Insurance Law § 3420 [d]). Under the circumstances of this case, this was error. We have observed that although the underlying action is technically a suit by the infant plaintiff against his father, in reality, suits of this kind constitute an effort by the insureds to collect money from their insurer to indemnify them for an accident to their child (see, e.g., Allstate Ins. Co. v Furman, 84 AD2d 29, 33, affd 58 NY2d 613). In Allstate, we held that a disclaimer notice sent to the insureds, the infant's parents, although not to the infant's guardian ad litem, his grandfather, was valid. Where, as here, the disclaimer is sent to an insured who also happens to be the claimant's guardian ad litem, the disclaimer is valid.

Turning next to the question of notice, the insureds claim that the policy was never delivered to them although they acknowledge having bits and pieces of the policy, and, there-

fore, that they are not bound by the provisions of the policy with respect to notice. In addition, the infant's mother claims that she orally told John L. Sullivan, an insurance broker and authorized agent of the appellant, about the accident at a high school social function where she met him informally. She acknowledges that she never sent Mr. Sullivan any kind of writing concerning this accident.

The claim that oral notification at a high school function was timely notification under the circumstances is without merit. It is clear that such informal, casual conversation does not constitute proper notice under the policy provisions (see, Allstate Ins. Co. v Furman, supra, at 31; see also, Bazar v Great Am. Indem. Co., 306 NY 481). In addition, the plaintiffs' claim that the policy was never delivered to them is of no solace to them since no legitimate reason has been advanced for their lack of diligence in ascertaining the extent of their insurance coverage (see, e.g., Matter of MVAIC [Cosulich], 23 AD2d 546). Thompson, J. P., Brown, Weinstein and Balletta, JJ., concur.