■ HALSTEAD OIL COMPANY, INC., Respondent, v NORTHERN INSURANCE COMPANY, a Subsidiary of the MARYLAND CASUALTY Co., et al., Appellants.—Judgment unanimously reversed on the law without costs and judgment granted, in accordance with the following Memorandum: Plaintiff, Halstead Oil Company, brought this action seeking a declaration that defendant insurers are obligated to defend plaintiff in a lawsuit brought by the State of New York to recover money damages expended by the State to clean up the site of a gasoline leak from plaintiff's tanks. Plaintiff also seeks a declaration that defendants are obligated to indemnify plaintiff against any moneys recovered in the action by the State and by Mobil Oil Company, which asserted a cross-claim.

Supreme Court should have granted judgment declaring that neither defendant is obligated to defend or indemnify plaintiff. The insurance policies issued by defendants provide that, "in the event of an occurrence", the insured must "notify" the insurers "as soon as practicable." The policy of defendant Northern Insurance Company provides that, if the "claim or suit is brought against the insured, the insured shall immediately forward to the company every demand, notice, summons, or other process received by him or his representative." In October 1985, representatives of the State entered plaintiff's property and found gasoline in the soil in the area of plaintiff's tanks. On October 20, 1986, plaintiff was served with a summons and notice by the State to recover cleanup costs. Plaintiff did not notify defendants of the occurrence of the leaked gasoline or of the commencement of the lawsuit by the State until August 1, 1988. As a matter of law, plaintiff's notice to defendants of the "occurrence" of the gasoline leak

was untimely. Here, it cannot reasonably be found that the notice given to the insurers, almost three years after plaintiff was made aware of the occurrence, was given "as soon as practicable". Absent a valid excuse, the failure to satisfy the notice requirement vitiates the policies *(see, Security Mut. Ins. Co. v Acker-Fitzsimmons Corp.,* 31 NY2d 436, 440). Plaintiff did not meet its burden of excusing the delay. Its assertion that it believed that its lessor, Mobil Oil Company, was liable for the occurrence is insufficient to excuse the lengthy delay in giving notice to the insurers *(see, Ogden Corp. v Travelers Indem. Co.,* 739 F Supp 796, 802, *affd* 924 F2d 39). Further, the assertion of plaintiff's counsel that plaintiff was not aware that defendants' policies provided coverage for cleanup costs does not provide a reasonable excuse because, although plaintiff was aware of the existence of the policy, it failed to show that it made diligent efforts to ascertain the extent of the coverage *(see, Losi v Hanover Ins. Co.,* 139 AD2d 702, *appeal dismissed* 72 NY2d 950; *Todd v Bankers Life & Cas. Co.,* 135 AD2d 1066).

Plaintiff's contention that defendants should be estopped from denying coverage because defendants failed to give timely notice of disclaimer cannot be considered by us. That contention was not made before the motion court and there are no facts in the record before us to support a waiver or estoppel. (Appeal from Judgment of Supreme Court, Erie County, Ostrowski, J.—Declaratory Judgment.) Present—Denman, P. J., Doerr, Boomer, Pine and Balio, JJ.