■ LUMBER MUTUAL INSURANCE COMPANY, Respondent, v LUMBERMAN'S MUTUAL CASUALTY Co., Appellant.—In an action to recover the proceeds of an insurance policy, the defendant appeals from a judgment of the Supreme Court, Suffolk County (Luciano, J.), dated July 16, 1990, which, after a nonjury trial, is in favor of the plaintiff and against the defendant in the principal sum of $112,500.81.

Ordered that the judgment is affirmed, with costs.

The plaintiff and the defendant each issued insurance policies to the same insured in the same amount for the same premises, a shopping center, for overlapping periods of time. On September 27, 1985, the roof of the insured premises was damaged and the interior of the building was exposed to the elements during a hurricane. Subsequent to the date of the loss, the defendant denied coverage for the loss based, *inter alia,* on a violation of a policy condition prohibiting occupancy without the consent of the defendant endorsed on the policy and a proper rate adjustment being made based on the occupancy. Thereafter, the plaintiff entered into a settlement whereby it paid the insured the full amount of the loss.

The Supreme Court properly determined that the defendant was obligated to contribute on a pro rata basis toward the cost of the settlement. We concur with the court's determination— as conceded by the defendant—that the disclaimer of coverage by the defendant was improper in view of its failure to clearly provide in its policy that allowing the premises to be occupied without its consent would constitute a ground for voiding the policy. Moreover, the "other insurance" clause contained in the defendant's policy constitutes a standard "excess insurance" clause, and the "other insurance" clause contained in the plaintiff's policy may be reasonably construed as constituting an "excess clause" under the specific circumstances of this case. Because there can be no "excess" insurance in the absence of a policy providing primary coverage, the "excess" clauses operate to cancel out each other, both coverages are rendered primary, and each company is obligated to share in the cost of the settlement on a pro rata basis *(see, Federal Ins. Co. v Atlantic Natl. Ins. Co.,* 25 NY2d 71, 78-79). Rosenblatt, J. P., Miller, O'Brien and Ritter, JJ., concur.