■ In the Matter of CRUM & FORSTER ORGANIZATION, Respondent, v DAVID MORGAN, Respondent, and EVEREADY INSURANCE COMPANY, Appellant. (Matter No. 1.) In the Matter of EVEREADY INSURANCE COMPANY, Appellant, v DAVID MORGAN et al., Respondents. (Matter No. 2.) [596 NYS2d 472] —In a proceeding to stay arbitration of an uninsured motorist claim, and a cross proceeding, *inter alia*, for a stay of arbitration pending joinder of North River Insurance Company as a party to the arbitration, Eveready Insurance Company appeals from an order of the Supreme Court, Nassau County (Saladino, J.), entered February 11, 1991, which granted the application of Crum & Forster Organization and North River Insurance Company for a permanent stay of arbitration, and, in effect, denied its cross petition.

Ordered that the order is reversed, on the law, with costs payable by Crum & Forster Organization, Crum & Forster Insurance Company, and North River Insurance Company, the petition is dismissed, the cross petition of Eveready Insurance Company is granted to the extent that it is declared that Eveready Insurance Company and North River Insurance Company shall be responsible for payment on a pro rata basis of any award made to the respondent-respondent David Morgan on the subject uninsured motorist claim, and the parties are directed to proceed to arbitration of that claim.

The pertinent facts underlying this matter are not in dispute. On August 2, 1987, the respondent-respondent David Morgan was injured while riding as a passenger in an automobile owned and operated by an uninsured motorist. On the date of the accident, Morgan owned a vehicle which was

insured by Eveready Insurance Company (hereinafter Eveready). The Eveready policy contains a standard uninsured motorist endorsement providing coverage with limits of $10,000 for each person and $20,000 for each accident. Morgan also resided in the same household with his father at the time of the accident. Morgan's father owned several vehicles, at least one of which was insured by North River Insurance Company (hereinafter North River). It is conceded that North River's policy contains the identical uninsured motorist endorsement, with the same coverage limits. Under the terms of the endorsement, Morgan, a relative residing in the same household as his father, qualified as an insured entitled to uninsured motorist coverage.

Morgan promptly reported the accident to Eveready and made a claim for uninsured motorist benefits under the policy covering his own vehicle. Eveready conducted an investigation which confirmed that the automobile involved in the accident was uninsured and further disclosed that Morgan was residing in the same household as his father. Eveready contacted, in writing, the other insurers of the vehicles owned by Morgan's father, including North River, disclosed the results of its investigation, and requested that the other insurers contribute towards payment of Morgan's claim on a pro rata basis. In or about July 1990 Morgan served an amended demand for arbitration naming both Eveready and North River as respondents. Morgan claimed that he was entitled to an award of $10,000, and that each insurer was responsible for payment of one-half of the claim.

North River commenced a proceeding to stay arbitration of Morgan's uninsured motorist claim. It was alleged that Eveready was solely responsible for the claim because its policy is primary, while North River's policy is excess. Further, North River alleged that Morgan had not provided it with timely notice of the claim.

Eveready brought a cross petition alleging, *inter alia,* that Morgan qualifies as an insured under both policies and the respective insurers are therefore obligated to pay any amount awarded to Morgan on a pro rata basis. Eveready argued that North River was diligently put on notice of the claim as soon as it was learned that Morgan was residing in the same household as his father.

The Supreme Court, relying on *Matter of Country-Wide Ins. Co. v Wagoner* (45 NY2d 581), concluded that Eveready is the primary obligor for uninsured motorist coverage and North River's policy is only "excess". Accordingly, the petition was

granted. On appeal, Eveready contends that the court's reliance on *Matter of Country-Wide Ins. Co. v Wagoner (supra)* is misplaced based on the facts in the case at bar. We agree.

In *Country-Wide,* the claimant, while operating his own vehicle, was injured by an uninsured motorist. Because the claimant's own policy provided primary coverage while he was operating or occupying his own vehicle, the court concluded that the exposure of Aetna Insurance Company, which had issued a family policy to the claimant's father, was that of an excess insurer. This determination was based on application of the "other insurance" provision of the uninsured motorist endorsement *(Matter of Country-Wide Ins. Co. v Wagoner, supra,* at 585).

Here, the language of the "other insurance" provision applicable in *Country-Wide* is identical to the language used in the endorsements of the policies issued by both Eveready and North River. However, the claimant Morgan was not operating or occupying his own vehicle at the time of the accident, nor was he operating the uninsured tort-feasor's vehicle. Thus, unlike the situation in *Country-Wide,* there was no primary coverage, and the "excess coverage" provision of North River's policy does not apply. Under the circumstances, the uninsured motorist coverage provided to Morgan under both policies is identical, and pursuant to the "other insurance" provisions, both insurers are responsible to pay any amount that may be awarded to Morgan on a pro rata basis *(see, Public Serv. Mut. Ins. Co. v Katcher,* 36 NY2d 295, 299-300; *Federal Ins. Co. v Atlantic Natl. Ins. Co.,* 25 NY2d 71, 78-79; *cf., Lumberman's Mut. Ins. Co. v Lumberman's Mut. Cas. Co.,* 186 AD2d 637; *Federal Ins. Co. v Empire Mut. Ins. Co.,* 181 AD2d 568, 569).

We conclude further that the failure of Morgan to provide North River with notice of the claim more promptly should not prevent Eveready from obtaining contribution. Eveready received timely notice of the accident and was able to conduct an investigation of the claim. The results of the investigation were disclosed to North River as soon as Eveready learned that Morgan was covered by other similar insurance. The notice given to North River was reasonable under the circumstances *(see, Matter of Lloyd [MVAIC],* 23 NY2d 478, 482). Moreover, since the interests of the two carriers with respect to Morgan's claim are essentially identical, Eveready's claim for contribution should not be precluded by the purported failure of North River to receive timely notice unless some prejudice is shown *(cf., Unigard Sec. Ins. Co. v North Riv. Ins. Co.,* 79 NY2d 576, 583-584). Here, North River has not alleged

that the delay in receiving notice was prejudicial, nor do we see any basis in this record for it to make such claim. Accordingly, we conclude that the arbitration should proceed with both insurers as parties. Balletta, J. P., Eiber, Ritter and Santucci, JJ., concur.