■ In the Matter of ALLSTATE INSURANCE COMPANY, Respondent, v FRANK D. BIEDER, Respondent, and STATE FARM INSURANCE COMPANY, Appellant. [622 NYS2d 814] —In a proceeding pursuant to CPLR article 75 to stay arbitration of an uninsured motorist claim, State Farm Insurance Company appeals from a judgment of the Supreme Court, Orange County (Barone, J.), dated August 31, 1993, which granted the petition, and declared that the appellant was the primary insurer and was obligated to provide uninsured motorist insurance coverage to the respondent Frank D. Bieder.

Ordered that the judgment is modified, on the law, by deleting the provision thereof which declared that State Farm Insurance Company is the primary insurer, and substituting therefor a provision declaring that Allstate Insurance Company and State Farm Insurance Company shall be responsible for payment on a pro rata basis of any award made to Frank D. Bieder on the subject uninsured motorist claim, and the parties are directed to proceed to arbitration of that claim; as so modified, the judgment is affirmed, without costs or disbursements.

The law is well settled that where different insurers provide coverage for the same interest and against the same risk, concurrent coverage exists *(see, Federal Ins. Co. v Commercial Union Ins. Co.,* 126 AD2d 892, 893; *Federal Ins. Co. v Empire Mut. Ins. Co.,* 181 AD2d 568, 569). Additionally, where both policies purport to be in excess of each other, the excess clauses operate to cancel each other, both coverages are rendered primary, and each company is obligated to share in the amount that may be awarded following arbitration on a pro rata basis *(see, Public Serv. Mut. Ins. Co. v Katcher,* 36

NY2d 295, 299-300; *Federal Ins. Co. v Atlantic Natl. Ins. Co.,* 25 NY2d 71, 78-80; *Matter of Crum & Forster Org. v Morgan,* 192 AD2d 652, 654; *Lumber Mut. Ins. Co. v Lumberman's Mut. Cas. Co.,* 186 AD2d 637). Here, both State Farm Insurance Company (hereinafter State Farm) and Allstate Insurance Company contend that they are not the primary insurer, but rather, that they each only provide excess coverage. However, both cover Frank D. Bieder under their respective uninsured motorist endorsements and both policies contain similar "other insurance" clauses which cancel each other, making both carriers responsible for any award on a pro rata basis.

We decline to reach State Farm's contention that it was not an insurer of Bieder because a police car is not a motor vehicle under the terms of its policy, as that contention is raised for the first time on appeal *(see, Miller Org. v Vasap Constr. Corp.,* 184 AD2d 763, 764). Balletta, J. P., Thompson, Santucci, Altman and Hart, JJ., concur.