◼ STATE OF NEW YORK, Respondent-Appellant, v TAUGCO, INC., Defendant, and AETNA CASUALTY AND SURETY COMPANY, Appellant-Respondent. [623 NYS2d 383] —Crew III, J. Appeals (1) from an order of the Supreme Court (Keegan, J.), entered October 12, 1993 in Albany County, which, inter alia, denied defendant Aetna Casualty and Surety Company's motion for summary judgment dismissing the complaint and all cross claims against it, and (2) from an order of said court, entered April 7, 1994 in Albany County, which, upon reconsideration, adhered to its prior decision granting defendant Aetna Casualty and Surety Company's motion for leave to amend its answer.

In May 1986, the Department of Environmental Conservation (hereinafter DEC) discovered a petroleum spill near a bulk oil facility located in the Village of Tupper Lake, Franklin County (hereinafter the Tupper Lake facility). Finding that the Tupper Lake facility was the source of the contamination, DEC notified its owner, Augsbury Corporation, that it was responsible for reimbursing plaintiff for the costs of remediating the contamination (see, Navigation Law art 12), whereupon plaintiff commenced cleanup of the petroleum.

Plaintiff eventually discovered that defendant Aetna Casualty and Surety Company had provided liability insurance to Augsbury for the Tupper Lake facility and, by letter dated February 9, 1990, informed Aetna that it would seek reimbursement from Aetna for the cost of remediating the contamination. Plaintiff then commenced this action against Aetna and defendant Taugco, Inc., as successor in interest to Augsbury, seeking recovery of cleanup and removal costs incurred by plaintiff. Ultimately, plaintiff entered into a settlement agreement with Taugco which provided, inter alia, that Taugco's liability would extend only to that portion of the cleanup costs that exceeded Aetna's coverage and would not, in any event, exceed $100,000.

Aetna then moved for summary judgment dismissing plaintiff's complaint on the grounds that it was not timely notified of the occurrence as required by its policies of insurance and that the pollution exclusion clauses of its policies precluded coverage for the claim asserted by plaintiff. Aetna also moved

for leave to amend its answer to assert, as an affirmative defense, plaintiff's failure to timely notify Aetna of the occurrence. Supreme Court denied Aetna's motion for summary judgment but granted its motion to amend its answer. Aetna appeals from the denial of its motion for summary judgment, while plaintiff appeals from a subsequent order of Supreme Court which, upon reconsideration, adhered to the decision allowing Aetna to amend its answer.

Contrary to Aetna's assertion, Navigation Law § 190 permits plaintiff to "seek recovery from an insured's carrier despite the failure of the insured to provide timely notice of the accident" *(General Acc. Ins. Group v Cirucci,* 46 NY2d 862, 863-864), and while plaintiff is under a duty to give timely notice, its failure to do so may be excused "if it is shown that it had not been reasonably possible to give notice within the prescribed time and that it was given as soon as was reasonably possible" *(State of New York v Zurich Ins. Co.,* 199 AD2d 916, 917). Furthermore, "[w]hat constitutes a reasonable time is liberally construed, and is ordinarily a question for the factfinder if an excuse is offered for the delay" *(supra,* at 917). Finally, we have held that ignorance of an insurer's identity constitutes a reasonable excuse for delay in notifying a carrier of a Navigation Law § 190 claim *(see, State of New York v American Natl. Fire Ins. Co.,* 193 AD2d 996, 998).

Notwithstanding the foregoing general principles, our review of the record leads us to conclude that Aetna's motion for summary judgment should have been granted based upon plaintiff's failure to timely notify the carrier of the occurrence at issue. In support of its motion for summary judgment, Aetna submitted proof demonstrating that as early as 1988, an Assistant Attorney-General, prosecuting an unrelated spill case involving another Augsbury facility, learned at the examination before trial of one of Aetna's unit supervisors that Aetna had issued a liability policy that covered Augsbury's general liability with regard to its operations wherever they were located. Although the same Assistant Attorney-General admitted, in an affidavit submitted in opposition to Aetna's motion, that plaintiff knew in 1988 that Aetna provided coverage for Augsbury, he further averred that plaintiff was not aware that Aetna specifically provided coverage for the Tupper Lake facility and, in his view, that it would have been improvident to notify Aetna of its claim under the circumstances.

In our view, such proof is insufficient to raise a question of fact regarding whether plaintiff provided notice to Aetna as

soon as was reasonably possible. Plaintiff, admittedly aware that Aetna provided coverage to Augsbury, was obligated to demonstrate that it made diligent efforts to ascertain the extent of that coverage *(see generally, Halstead Oil Co. v Northern Ins. Co.,* 178 AD2d 932; *Losi v Hanover Ins. Co.,* 139 AD2d 702, *appeal dismissed* 72 NY2d 950). This plaintiff failed to do, and its assertion that it did not come into possession of the policies at issue here until 1990 does not provide a basis for its claim that it provided notice to Aetna as soon as was reasonably possible. In light of this conclusion, we need not address the remaining issues raised on appeal, including the applicability of the pollution exclusion clause and the propriety of Supreme Court's decision to permit Aetna to amend its answer.

Mercure, J. P., Casey, Yesawich Jr. and Spain, JJ., concur. Ordered that the order entered October 12, 1993 is modified, on the law, with costs to defendant Aetna Casualty and Surety Company, by reversing so much thereof as denied defendant Aetna Casualty and Surety Company's motion for summary judgment; motion granted, summary judgment awarded to said defendant and complaint and all cross claims against it are dismissed. Ordered that the appeal from order entered April 7, 1994 is dismissed, as academic.