■ In the Matter of GENERAL ACCIDENT INSURANCE COMPANY, Respondent, v JAMES GOBETZ et al., Appellants, and CNA INSURANCE COMPANY et al., Respondents. [651 NYS2d 623] —In a proceeding pursuant to CPLR article 75 to permanently stay arbitration of an underinsured motorist claim, James Gobetz and Caroline Gobetz appeal from an order of the Supreme Court, Suffolk County (Werner, J.), entered August 11, 1995, which granted the petition. Justice Luciano has been substituted for the late Justice Hart (*see,* 22 NYCRR 670.1 [c]).

Ordered that the order is reversed, on the law, with costs, the petition is denied, the proceeding is dismissed, and the parties are directed to proceed to arbitration.

The appellants, James Gobetz and Caroline Gobetz, sustained injuries when the vehicle in which they were passengers was struck by another vehicle. They and four other injured persons reached a settlement with the two carriers insuring those vehicles. The bodily injury coverage of the other vehicle was exhausted, but the bodily injury coverage of the host vehicle was not. Thereafter, the appellants filed a claim under the supplemental uninsured motorist endorsement of their policy with General Accident Insurance Company (hereinafter General Accident). The Supreme Court granted General Accident's petition to permanently stay arbitration. We reverse.

The appellants' failure to exhaust the limits of the host vehicle's bodily injury liability coverage does not defeat their claim for underinsurance based on the underinsured status of the other vehicle (*see, S'Dao v National Grange Mut. Ins. Co.,* 87 NY2d 853; *Matter of Nationwide Ins. Co. v Freehill,* 224 AD2d 532; *Passaro v Metropolitan Prop. & Liab. Ins. Co.,* 128 Misc 2d 21, *affd* 124 AD2d 647).

In addition, the appellants are not precluded from recovering underinsurance benefits under the "other insurance" clause of their policy with General Accident. Where two policies purport to be in excess of each other, the excess clauses operate to cancel each other, both coverages are rendered primary, and each company is obligated to share in the amount that may be awarded following arbitration on a pro rata basis (*see, Public Serv. Mut. Ins. Co. v Katcher,* 36 NY2d 295, 299-300; *Federal Ins. Co. v Atlantic Natl. Ins. Co.,* 25 NY2d 71, 78-80; *Matter of Crum & Forster Org. v Morgan,* 192 AD2d 652, 654; *Lumber Mut. Ins. Co. v Lumberman's Mut. Cas. Co.,* 186 AD2d 637). Here, both the host vehicle's insurance carrier, Continental Casualty Company (hereinafter Continental), and General Accident, contend that they are not the primary insurer, but rather, that they each only provide excess coverage. However, both cover the appellants under their respective supplemental uninsured motorist endorsements and both policies contain similar "other insurance" clauses which cancel each other. Thus, both Continental and General Accident are responsible for any award on a pro rata basis.

We have examined General Accident's remaining contentions and find them to be without merit. Bracken, J. P., Copertino, Altman and Luciano, JJ., concur.