■ NATIONAL CASUALTY COMPANY, Respondent, v PAXSON COMMUNICATIONS CORPORATION et al., Appellants. [757 NYS2d

549] —Order, Supreme Court, New York County (Charles Ramos, J.), entered on or about February 7, 2002, which, inter alia, denied defendants' motion for summary judgment and granted plaintiff's cross motion for summary judgment declaring that it had no duty to defend and indemnify defendants, unanimously modified, on the law, (1) to grant summary judgment with respect to Paxson Communications Corporation and Paxson Productions, Inc. (collectively PAX); (2) to deny National's cross motion with respect to PAX; (3) to declare that National was obligated to defend it in the underlying action brought by Interactive Holdings Corp. (IHC); (4) to declare that PAX is entitled to the costs of defending the underlying action as well as the instant coverage action; (5) to declare that National is responsible to indemnify PAX in the underlying action in all respects; and otherwise affirmed, with costs in favor of PAX. The Clerk is directed to enter judgment accordingly.

In 1998 and 1999, plaintiff National Casualty Company (National) respectively issued identical insurance policies to PAX, both Florida-based corporations, and Channel Space Entertainment, Inc. (CSE), a Virginia-based corporation. Each policy provided coverage for (a) "damages" as a result of claims "arising out of," inter alia, trademark and copyright infringement, "misappropriation of ideas under implied contract" and unfair competition; and (b) all claim expenses incurred in the defense and settlement of covered claims. Specifically excluded from coverage were any claims: (a) made by any present, former or prospective employee, partner, joint venturer, coventurer, officer or director of the insured or any independent contractor supplying matter, material or services to the insured; and (b) arising from any breach of contract other than liability assumed under contract. The term "claim" was defined as a demand or suit for money. "Damages" was defined as all forms of monetary damages and legal expenses or other costs included as part of a judgment or settlement.

In 1999, IHC brought suit against PAX and CSE arising out of PAX's alleged misappropriation of IHC's idea for a cable television shopping program. The first, second and third causes of action sought damages for PAX's misappropriation, copyright infringement and unfair competition. The fifth cause of action sought a declaratory judgment and an accounting under federal law. The sixth and seventh causes of action sought damages for breach of an implied agreement assenting to compensate IHC for its services and unjust enrichment.

Noting several meetings between PAX and IHC, an unexecuted draft agreement describing their relationship as "inde-

pendent contractors" and the complaint's allegation that IHC had supplied matter, materials and service to PAX, National relied on the policy exclusion as to "independent contractors" to deny coverage to PAX for the entire action. National further denied coverage for the fifth and eighth causes of action on the ground that declaratory relief and accounting were not "claims" for "money damages" under the policy. The sixth and seventh causes of action were denied on the ground that contract breaches were excluded. Although National denied coverage to CSE for the same reasons it denied coverage to PAX, it also denied coverage on the ground that CSE failed to give timely notice of the claim.

Subsequently, the underlying action brought by IHC against PAX and CSE was settled by and between the parties. PAX, which arranged to indemnify CSE for its damages and expenses pursuant to a joint defense agreement, incurred over $200,000 in attorneys' fees and expenses in the underlying action.

National then commenced the instant action seeking a declaration that it was not obligated to defend or indemnify its insureds for their costs and expenses. PAX and CSE counterclaimed for breach of contract for National's failure to defend and indemnify with respect to the underlying action.

PAX and CSE then moved, inter alia, for summary judgment on their counterclaims and National cross-moved for summary judgment declaring that it had no obligation to defend or indemnify in connection with the underlying action. After determining that Florida law applied to PAX's policy and Virginia law to CSE's policy, the motion court found, inter alia, that National had no duty to defend or indemnify either PAX or CSE in light of the policy exclusions. We modify and find that National had a contractual duty to defend and indemnify PAX in the underlying action brought by IHC.

Since National disclaimed coverage on the sole ground that PAX was an "independent contractor," the narrow question before us is whether the exclusion of claims by actual "independent contractors" applies to the instant matter. It is well settled under Florida law that exclusionary clauses are to be strictly construed in favor of the insured and coverage (*Psychiatric Assoc. v St. Paul Fire & Mar. Ins. Co.*, 647 So 2d 134, 138 [Fla 1994]). The motion court erred in construing the exclusion in favor of the insurer and noncoverage.

Under Florida law, the duty to defend extends when the complaint alleges facts which create an inference of potential coverage (*McCreary v Florida Residential Prop. & Cas. Joint*

*Underwriting Assn.*, 758 So 2d 692, 695 [Fla 1999]). Contrary to National's contentions that IHC was an actual "independent contractor," the IHC complaint provides no basis for the exclusion disclaimer. The allegations contained in the IHC complaint do not assert an existing independent contractor arrangement, but merely an incipient and unconsummated relationship as evidenced by the unexecuted draft agreement between the parties. The materials and services provided by IHC to PAX were only in contemplation of some future arrangement. Likewise, we find no effective exclusion for PAX's payments of the other insured's expenses pursuant to the indemnification clause in their joint defense agreement.

While National denied coverage on the fifth, sixth, seventh and eighth causes of action for other reasons, its denial of coverage on the first, second and third causes of action was based solely upon the "independent contractor" exclusion. Since National was obligated to defend as to some of the causes of action in the underlying complaint, it was obligated to defend PAX as to all of them under Florida law (*see Tire Kingdom, Inc. v First S. Ins. Co.*, 573 So 2d 885, 887 [Fla 1990], *review denied* 589 So 2d 290 [1991]), except that portion of the fifth cause of action seeking declaratory relief. Thus, PAX is entitled to summary judgment on its motion and to recover from National the costs of litigation representing the damages incurred in settling the action (*see Nationwide Mut. Fire Ins. Co. v Beville*, 825 So 2d 999, 1001 [Fla 2002]), as well as the costs of defending the other insured under the joint defense indemnification clause.

With regard to CSE's noncompliance with its policy's notice provision, we agree with the motion court that neither National's actual knowledge of the underlying action nor notice from PAX satisfies CSE's contractual obligation to provide timely notice (*see American Mfrs. Mut. Ins. Co. v CMA Enters.*, 246 AD2d 373 [1998]). Concur—Buckley, P.J., Mazzarelli, Sullivan, Ellerin and Lerner, JJ.