■ OCEAN PARTNERS, LLC, Appellant, v NORTH RIVER INSURANCE COMPANY, Respondent, et al., Defendant. [810 NYS2d 430]—

Order, Supreme Court, New York County (Shirley Werner Kornreich, J.), entered November 9, 2004, which granted defendant North River Insurance Company's motion for summary judgment, unanimously affirmed, without costs.

The court properly rejected plaintiff's argument that the notice of loss filed by its managing agent—which was listed as a separate insured under the building's insurance policy—satis-

fied plaintiff's own obligation, as an insured, to supply prompt notice of its particular damage claims. The record fails to establish a principal-agent relationship between these two entities. In fact, the building agent's property manager testified that he had no authority to act on plaintiff's behalf. The record reflects that the managing agent and plaintiff had separate interests in the building and disparate claims to assert in connection with the fire. Ultimately, the managing agent unilaterally withdrew its claim when its $5,000 deductible was not met.

Plaintiff's failure to provide notice of its claim until 28 months after the fire constituted an unreasonable delay and a failure to satisfy a condition precedent to coverage under the policy (*Travelers Ins. Co. v Volmar Constr. Co.*, 300 AD2d 40 [2002]). The insurer's actual knowledge of the fire at the subject building did not relieve plaintiff of its independent obligation to give timely notice of its own claims (*id.* at 44). Concur—Buckley, P.J., Friedman, Marlow and Gonzalez, JJ. [*See* 6 Misc 3d 1013(A), 2004 NY Slip Op 51785(U) (2004).]