■ CONTINENTAL CASUALTY COMPANY et al., Appellants-Respondents, v EMPLOYERS INSURANCE COMPANY OF WAUSAU et al., Respondents-Appellants, et al., Defendant. [923 NYS2d 538]—

Judgment, Supreme Court, New York County (Richard F. Braun, J.), entered April 22, 2009, after a nonjury trial resulting in findings of fact and conclusions of law (same court and Justice), dated October 14, 2008, as amended November 24, 2008 and December 5, 2008 (also brought up for review), declaring, inter alia, (1) that plaintiffs Continental Casualty Company and American Casualty Company of Reading, Pa. (collectively CNA), defendant Employers Insurance Company of Wausau (Wausau) and defendant Employers Liability Assurance Company now known as OneBeacon America Insurance Company (OneBeacon) each had and has an equal duty to defend defendant Robert A. Keasbey Company (Keasbey) in past and future asbestos-related personal injury actions (asbestos actions) against Keasbey from the commencement of each asbestos action until it is established that the asbestos exposure alleged therein did not occur at a work site or within a time period covered by the insurer's policy, (2) that CNA is entitled to be reimbursed by OneBeacon for one quarter of the cost of defending Keasbey in the asbestos actions to the date of judgment, and (3) that indemnity obligations with respect to each asbestos action are to be allocated pro rata to each year of asbestos exposure at a given site, with each insurer obligated to pay for

years and sites within its coverage and with any OneBeacon coverage to be deemed primary to any CNA or Wausau coverage, unanimously reversed, on the law and the facts, without costs, the judgment vacated, Supreme Court's findings of fact reversed to the extent inconsistent herewith and new findings substituted as set forth below, and it is declared that (1) CNA has no further obligation to defend or indemnify Keasbey in asbestos actions pursuant to the primary comprehensive general liability insurance policies it issued to Keasbey covering, in aggregate, the period from February 15, 1970 to February 15, 1987, and Wausau has no further obligation to defend or indemnify Keasbey in asbestos actions pursuant to the primary comprehensive general liability insurance policies it issued to Keasbey covering, in aggregate, the period from February 15, 1968 to February 15, 1970, (2) CNA is not entitled to be reimbursed by OneBeacon for any portion of the costs of defending Keasbey in asbestos actions from March 1, 2003 to September 30, 2007, or for any portion of the costs of defending the same actions after September 30, 2007, because CNA has failed to establish that it gave OneBeacon timely notice of any of those actions, (3) to the extent CNA has paid for Keasbey's defense in any asbestos actions commenced against Keasbey after September 30, 2007, any claim by CNA against OneBeacon for reimbursement of such defense costs is barred unless CNA establishes that it provided OneBeacon with timely notice of that particular action under the terms of the OneBeacon policies, and CNA's complaint dismissed to the extent it seeks relief different from, in addition to, or inconsistent with the foregoing, and the matter remanded for entry of judgment consistent herewith.

Keasbey (which ceased operating in the mid-1990s and was dissolved in 2001) installed asbestos insulation at numerous sites in the tri-state area over many years. Wausau issued Keasbey two successive primary comprehensive general liability (CGL) policies covering the period from February 1968 to February 1970, and CNA issued Keasbey 17 successive primary CGL policies covering the period from February 1970 to February 1987. None of the foregoing CNA and Wausau policies contains an asbestos exclusion.

Although Keasbey never purchased a policy directly from OneBeacon, it was covered by two "wrap-up" policies issued by OneBeacon, each of which provided liability coverage to all contractors on a specified construction project at the Indian Point Nuclear Power Plant for claims arising from work on that project during the policy period. Specifically, OneBeacon issued

one wrap-up policy covering all contractors involved in construction work at Unit 2 at Indian Point from February 1966 to April 1974 and another, similar, policy covering all contractors involved in construction work at Unit 3 at Indian Point from June 1967 to July 1977. During the periods of these policies, Keasbey installed asbestos-containing insulation in the turbines at Unit 2 and Unit 3 at Indian Point, which in each case involved approximately two months of work. Each of the foregoing OneBeacon policies provides that it "applies only to work performed at the [specified] project." Neither OneBeacon policy contains an asbestos exclusion provision.

Pursuant to its policies' products/completed operations coverage, CNA began defending Keasbey in asbestos actions in the 1970s. This coverage under Keasbey's primary CNA policies was exhausted by 1992, as was similar coverage under the Wausau policies and all other primary policies. Thereafter, excess insurers, including CNA under policies other than those at issue on this appeal, assumed Keasbey's defense. CNA continued to defend Keasbey as an excess insurer until August 2000, when it believed its excess coverage had been exhausted.[1] Another excess insurer continued to defend Keasbey until 2002.

In May 2001, attorneys for claimants in the asbestos actions sent CNA a letter asserting that Keasbey's exposure to asbestos liability fell within the scope of the CNA primary policies' operations coverage, which (unlike the long-exhausted products/completed operations coverage) has no aggregate limit. CNA responded by filing suit against the claimants in October 2001, seeking a declaration that Keasbey's potential asbestos liability is not within the CNA policies' operations coverage. To avoid default judgments, however, CNA took over Keasbey's defense in 2002.

The claimants' assertion that their claims fell within CNA's operations coverage prompted CNA to undertake a review of Keasbey's records to determine whether any other primary coverage was available. Since the 1980s, those records had been in the possession of the law firm CNA had retained to defend Keasbey in the asbestos cases. In February 2003, CNA found evidence in Keasbey's records that Keasbey was covered by the aforementioned OneBeacon wrap-up policies. By letter dated February 24, 2003, CNA notified OneBeacon of an asbestos action brought by a claimant (Michael O'Reilly) allegedly exposed to asbestos while working at Indian Point from 1968 to 1975,

---

1. An additional CNA excess policy that was later discovered also has been exhausted, as we determined on the preceding appeal in this matter (60 AD3d 128, 150-151 [2008], *lv denied* 13 NY3d 710 [2009]).

and tendering the defense of the case to OneBeacon. Thereafter, in April 2003, CNA commenced the present declaratory judgment action (superseding the action commenced in October 2001), naming as defendants (in addition to the personal injury claimants, who have been certified as a class) OneBeacon and Wausau.[2] CNA's complaint seeks a judgment declaring, inter alia, (1) that Keasbey's potential asbestos liability falls under the exhausted products/completed operations coverage of the CNA policies (not the operations coverage), (2) that OneBeacon is obligated to assume Keasbey's defense in present and future asbestos actions, and (3) that OneBeacon is obligated to reimburse CNA for the amounts the latter has spent on Keasbey's defense in asbestos actions since March 1, 2003 (after the February 24, 2003 letter).[3]

On the appeal taken from the order entered after the Phase I trial in this matter (60 AD3d 128 [2008], *supra*), this Court, reversing the trial court's order, determined that Keasbey's potential asbestos liability falls under the exhausted products/completed operations coverage of the CNA policies, not the operations coverage, from which it follows that CNA has no further obligation to defend or indemnify Keasbey in asbestos actions.[4] The Phase II trial was conducted before the Phase I appeal was decided, and resulted in a judgment (the Phase II judgment) declaring, inter alia, that the four insurers before the court (the two CNA subsidiaries, OneBeacon and Wausau) are obligated to share equally the cost of Keasbey's defense in all asbestos actions (past, present and future) and that OneBeacon's coverage is primary as to indemnity (although apparently not as to the duty to defend). All parties now appeal from the Phase II judgment, each to the extent it is aggrieved thereby. Given the disposition of the Phase I appeal and CNA's failure to prove that it gave OneBeacon timely notice of any underlying asbestos action, the Phase II judgment must be reversed.

As noted, the trial court held that defense costs should be shared equally among the two CNA subsidiaries, OneBeacon and Wausau. This ruling cannot stand. Given this Court's de-

---

2. Although Wausau has since settled with CNA, it participated in this appeal.

3. CNA claims that, from March 1, 2003 to September 30, 2007 (about a month before the Phase II trial began), it spent $31,360,874.01 on Keasbey's defense in asbestos actions. This amount excludes the cost of one settlement reached in 2007 after a jury returned a verdict against Keasbey. CNA represents that it does not seek reimbursement for that settlement or for the defense and settlement costs it incurred before March 1, 2003.

4. It is not disputed that the same reasoning applies to the Wausau policies.

termination on the Phase I appeal that the only applicable coverage under the subject CNA primary policies was the coverage for products/completed operations, which (it is undisputed) was exhausted almost 20 years ago, there is no occasion to allocate coverage between CNA and other primary insurers with regard to the defense costs at issue, namely, those that may be incurred in the future or that CNA has incurred since March 1, 2003. However, that CNA did not owe Keasbey any coverage when it defended Keasbey in asbestos actions since March 2003 does not necessarily mean that CNA is entitled to reimbursement for such costs from OneBeacon. While OneBeacon raises a number of arguments against CNA's reimbursement claim, we need address only the argument based on lack of timely notice, which is dispositive.[5]

Where an insured gives only one of two insurers timely notice of a claim, the insurer that received notice may obtain reimbursement from the other insurer only if it gives the other insurer notice of the claim that is reasonable under the circumstances (see *Matter of Crum & Forster Org. v Morgan*, 192 AD2d 652, 654 [1993]). Here, although each OneBeacon policy contained a notice-of-claim provision requiring the insured to "immediately forward to [OneBeacon] every demand, notice, summons or other process received by him or his representative," it is undisputed that Keasbey never furnished any notice of any asbestos claim to OneBeacon. Hence, CNA's ability to seek reimbursement from OneBeacon for the costs of defending any given claim against Keasbey "turns on whether [CNA] provided notice [of that claim] to [OneBeacon] within a reasonable time under all the circumstances" (*State of New York v Blank*, 27 F3d 783, 795 [2d Cir 1994], citing *Crum & Forster*, 192 AD2d at 654). Contrary to CNA's arguments, it plainly failed to provide OneBeacon with such notice.

CNA contends that it gave OneBeacon sufficient notice of all the asbestos actions for which it now seeks reimbursement— namely, all the thousands of actions that it defended on behalf of Keasbey between March 1, 2003 and September 30, 2007—by sending the February 24, 2003 letter advising OneBeacon of the O'Reilly claim, which was about to be scheduled for trial, and inviting OneBeacon (without identifying any other claim against Keasbey) "to contact us as soon as possible so that we can discuss the range of possible strategies for defense of this and

---

5. The notice issue was raised but not resolved on the preceding appeal. Contrary to CNA's contention, the oblique reference to the notice issue in the decision on the preceding appeal does not constitute law of the case precluding our consideration of the issue on the merits on this appeal.

comparable other Keasbey asbestos cases." To the extent further notice was required, CNA contends that it was furnished by the complaint it served to commence this coverage action in April 2003, to which is appended a schedule setting forth the names of 174 claimants against Keasbey and the law firms representing them. CNA also refers to a number of e-mails and letters it subsequently sent to OneBeacon's coverage counsel during the pendency of this action discussing a number of the asbestos actions against Keasbey.

In our view, the February 24, 2003 letter, the complaint in this action, and CNA's subsequent correspondence with OneBeacon's coverage counsel do not constitute reasonably timely notice even of the claims to which they refer, much less to the thousands of other claims for which CNA seeks reimbursement. To begin, CNA cites no authority for deeming a notice as to certain claims against an insured to constitute notice of other claims not identified in the notice. Even as to the claims referenced by name in the documents on which CNA relies, however, notice was not sufficient. The OneBeacon policies required that any process against Keasbey be "immediately forward[ed]" to OneBeacon; CNA does not identify a single case in which this occurred. With regard to the O'Reilly claim referenced in CNA's letter of February 23, 2003, for example, the letter apprised OneBeacon of the case just as it was about to be scheduled for trial—by which time the case presumably already had a substantial history. CNA argues that it contacted OneBeacon promptly after it first learned of the existence of the OneBeacon policies in February 2003, and could not have been expected to provide notice any earlier than that. We disagree. The Keasbey records from which CNA learned of the OneBeacon policies had been in the possession of asbestos defense counsel chosen and paid by CNA since the 1980s. CNA could have reviewed those records for evidence of additional insurance at any time it chose. It did not see fit to do so until 2003, when the claimants sought to revive its long-expired primary policies on the theory (rejected on the preceding appeal) that operations coverage applied to the asbestos actions. While CNA's sudden interest in finding an untapped primary insurer in response to this unexpected development may be understandable, it does not change the fact that the means to discover the OneBeacon policies had been available to CNA for more than a decade. Further, the possibility of prejudice to OneBeacon from the delay in notice is obvious, given that the OneBeacon policies, unlike the comprehensive CNA policies, covered Keasbey only for work at two particular sites where Keasbey had been present, in the case of each site, for only about two months. Given the vast dif-

ference in the scope of coverage between the CNA policies and the OneBeacon policies, it cannot be assumed that OneBeacon's interests were adequately protected by CNA's defense of Keasbey in the asbestos actions (*see State of New York v Blank*, 27 F3d at 797).[6]

We reject the theory apparently adopted by the trial court after the Phase I trial (*see* 16 Misc 3d 223, 253-254 [2007], *revd on other grounds* 60 AD3d 128 [2008], *lv denied* 13 NY3d 710 [2009]) that OneBeacon received adequate notice of an action as against Keasbey if it received notice of the action from a different insured under the wrap-up policies. Where each insured has an independent duty to give timely notice under the policy, notice by one insured cannot be imputed to another (*see National Cas. Co. v Paxson Communications Corp.*, 304 AD2d 391, 394 [2003]; *Travelers Ins. Co. v Volmar Constr. Co.*, 300 AD2d 40, 44 [2002]; *American Mfrs. Mut. Ins. Co. v CMA Enters.*, 246 AD2d 373 [1998]).

In view of the foregoing, we need not reach the parties' remaining arguments. Concur—Mazzarelli, J.P., Friedman, Renwick and Román, JJ.

---

6. At the Phase II trial (which opened in October 2007), CNA presented evidence of defense costs it incurred through the end of September 2007 in support of its reimbursement claim. Accordingly, this decision disposes of any claim for reimbursement as to any asbestos action commenced in September 2007 or earlier. To the extent CNA has defended Keasbey in any asbestos actions commenced after September 2007, it can seek reimbursement from OneBeacon for defense costs incurred in each such action only if it establishes that it provided OneBeacon with timely notice of that particular action in accordance with the terms of the OneBeacon policies.