State of New York v Flora (2019 NY Slip Op 04801)





State of New York v Flora


2019 NY Slip Op 04801


Decided on June 13, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: June 13, 2019

526787

[*1]STATE OF NEW YORK, Plaintiff,
v
DIANA L. FLORA, Individually and Doing Business as RICHMOND AUTOMOTIVE CENTER, et al., Defendants, and UTICA MUTUAL INSURANCE COMPANY, Defendant and Third-Party Plaintiff- Appellant; AMERICAN AUTOMOBILE INSURANCE COMPANY et al., Sued Herein as FIREMAN'S FUND INSURANCE COMPANY, et al., Third-Party Defendants- Respondents, et al., Third-Party Defendants. (And Two Other Third-Party Actions.)

Calendar Date: April 29, 2019

Before: Egan Jr., J.P., Lynch, Clark, Mulvey and Pritzker, JJ.


Hancock Estabrook, LLP, Syracuse (Alan J. Pierce of counsel), for defendant and third-party plaintiff-appellant.
Rivkin Radler, LLP, Uniondale (Michael A. Kotula of counsel), for American Automobile Insurance Company and another, third-party defendants-respondents.
Herrick, Feinstein LLP, New York City (Gabrielle C. Wilson of counsel), for Arch Insurance Company, third-party defendant-respondent.



MEMORANDUM AND ORDER
Clark, J.
Appeal from an order of the Supreme Court (Connolly, J.), entered August 23, 2017 in Albany County, which granted motions by third-party defendants Arch Insurance Company, American Automobile Insurance Company and National Surety Corporation for summary judgment dismissing the third-party complaint against them.
In 2013, plaintiff commenced this action pursuant to Navigation Law article 12 seeking to hold defendants strictly liable for $921,904.41 — the total cost of cleaning up and removing petroleum product contamination of groundwater and soil allegedly caused by discharges from an underground petroleum product storage and dispensing system at defendant Richmond Automotive Center (hereinafter the spill site). According to the complaint, the petroleum discharges contaminated the soil and groundwater at both the spill site and at the Honeoye Municipal District Well number two in the Town of Richmond, Ontario County. Specifically, plaintiff sought to recoup the petroleum cleanup and removal costs from Richmond Automotive and its partners, as well as defendant Kirkwood Heating Oil, Inc. — a corporation that periodically supplied petroleum products to the underground petroleum storage and dispensing system — and Kirkwood's insurance company, defendant Utica Mutual Insurance Company.[FN1]
Utica Mutual answered and thereafter commenced a third-party action for contribution and/or indemnification against Kirkwood's other insurers during the years in which the petroleum discharges and contamination allegedly occurred — as relevant here, third-party defendants American Automobile Insurance Company (hereinafter AAIC), National Surety Corporation (hereinafter NSC)[FN2] and Arch Insurance Company. After joining issue, AAIC and NSC moved for summary judgment dismissing the third-party complaint against them on the basis that, among other things, they did not receive timely notice of the alleged incident, as required by the insurance policies they issued to Kirkwood from August 1991 through August 1997. Arch also joined issue and moved for summary judgment dismissing the third-party complaint against it, arguing that its policies — spanning from August 2002 through August 2004 — contained an endorsement that excluded coverage for property damage arising out of the presence of methyl tertiary butyl ether (hereinafter MTBE), a gasoline additive. Supreme Court granted both motions for summary judgment and dismissed the third-party complaint insofar as asserted against AAIC, NSC and Arch. Utica Mutual appeals, and we affirm.
Utica Mutual argues that Supreme Court erroneously concluded that Arch was entitled to summary judgment dismissing the third-party claims for indemnification and/or contribution against it based upon the MTBE exclusion in its insurance policies. An insurance company's broad duty to defend arises "whenever the allegations of the complaint 'suggest . . . a reasonable possibility of coverage'" (Automobile Ins. Co. of Hartford v Cook, 7 NY3d 131, 137 [2006], quoting Continental Cas. Co. v Rapid-American Corp., 80 NY2d 640, 648 [1993]). "However, an insurer can be relieved of its duty to defend if it establishes as a matter of law that there is no possible factual or legal basis [up]on which it might eventually be obligated to indemnify its insured under any policy provision" (Allstate Ins. Co. v Zuk, 78 NY2d 41, 45 [1991] [citations omitted]; see Frontier Insulation Contrs. v Merchants Mut. Ins. Co., 91 NY2d 169, 175 [1997]). Where, as here, an insurer seeks to disclaim coverage on the basis of an exclusion, it must "demonstrate that the allegations of the complaint cast that pleading solely and entirely within the policy exclusion[], and, further, that the allegations . . . are subject to no other interpretation" (International Paper Co. v Continental Cas. Co., 35 NY2d 322, 325 [1974]; see Automobile Ins. Co. of Hartford v Cook, 7 NY3d at 137).
The policy exclusion at issue here — the MTBE exclusion [FN3] — states that Arch's insurance coverage does not apply to "'property damage' arising out of or contributed to or by or resulting from, directly or indirectly[,] . . . 'MTBE.'"[FN4] The exclusion further provides that coverage does not apply to "[a]ny loss, cost or expense arising out of any: (1) [r]equest, direction, demand or order that any insured or others test for, monitor, clean up, remove, contain, treat, detoxify, neutralize, remedy or abate, or in any way respond to, or assess the effect of 'MTBE'; or (2) [c]laim or suit by or on behalf of a governmental authority and arising out of, seeking or involving the testing for, monitoring, cleaning up, removing, containing, treating, detoxifying or neutralizing or in any way responding to, or assessing the effects of 'MTBE.'"
To demonstrate the applicability of the MTBE exclusion, Arch relied on deposition testimony from employees at the Department of Environmental Conservation that MTBE was one of the primary contaminants at the spill site and the Honeoye Municipal District Well, as well as a 2017 expert report stating that the contamination at the spill site and the consequential contamination at the Honeoye Municipal District Well arose directly out of the presence of MTBE. Arch also relied on admissions made by Utica Mutual in response to certain interrogatories. Specifically, Utica Mutual acknowledged that an expert report prepared by Earthworks Environmental and investigatory reports from the Department of Environmental Conservation revealed that MTBE was one of the, if not the primary or sole, contaminants at the spill site and the Honeoye Municipal District Well. Together, this evidence established that the petroleum cleanup and removal costs sought to be recovered by plaintiff arose out of, or were the result of, MTBE contamination at both the spill site and the Honeoye Municipal District Well and, thus, satisfied Arch's prima facie burden of demonstrating that the allegations of the complaint fell completely within the MTBE exclusion (see State of New York v Capital Mut. Ins. Co., 213 AD2d 888, 890 [1995], lv denied 86 NY2d 702 [1995]).
In opposition, Utica Mutual did not dispute that, if enforceable, the MTBE exclusion in Arch's policies would operate to relieve Arch of its obligation to defend and/or indemnify Kirkwood against plaintiff's claims. Instead, Utica Mutual argued that the MTBE exclusion is unenforceable because Arch did not comply with the filing requirement of Insurance Law § 2307, which states that "no policy form shall be delivered or issued for delivery unless it has been filed with the superintendent [of financial services] and either he [or she] has approved it, or [30] days have elapsed and he [or she] has not disapproved it as misleading or violative of public policy" (Insurance Law § 2307 [b]; see Insurance Law § 107 [a] [41]). However, as Supreme Court correctly noted, the failure to file under Insurance Law § 2307 "does not, by itself, void the policy clause . . .[; rather,] such clause is void only if the substantive provisions of the clause are inconsistent with other statutes or regulations" (National Union Fire Ins. Co. of Pittsburgh, Pa. v Ambassador Group, 157 AD2d 293, 298 [1990], lv dismissed 77 NY2d 873 [1991]). We agree with Supreme Court that, contrary to Utica Mutual's contentions, 11 NYCRR 60-1.2 and its enabling legislation (see Vehicle and Traffic Law § 310 et seq.) are inapplicable here and Utica Mutual failed to otherwise demonstrate that the MTBE exclusion is inconsistent with some other statute or regulation (see National Union Fire Ins. Co. of Pittsburgh, Pa. v Ambassador Group, 157 AD2d at 298). In view of the foregoing, Supreme Court properly granted Arch's motion for summary judgment dismissing the third-party complaint against it (see B.U.D. Sheetmetal v Massachusetts Bay Ins. Co., 248 AD2d 856, 857 [1998]).
Utica Mutual also challenges Supreme Court's determination that AAIC and NSC were entitled to summary judgment dismissing the third-party complaint against them based upon Utica Mutual's failure to provide prompt notice of the "accident or loss," as required by each of the insurance policies that AAIC and NSC issued to Kirkwood during the relevant time period. [*2]Where, as here, a policy of liability insurance requires prompt notice of an occurrence or claim, notice must be given within a reasonable period of time, and the failure to provide such notice — a condition precedent — vitiates the contract as a matter of law (see Great Canal Realty Corp. v Seneca Ins. Co., Inc., 5 NY3d 742, 743 [2005]; Argo Corp. v Greater N.Y. Mut. Ins. Co., 4 NY3d 332, 339 [2005]; Lafarge Bldg. Materials Inc. v Harleysville Ins. Co. of N.Y., 166 AD3d 1116, 1117-1118 [2018])[FN5]. If multiple insurers exist and the "insured gives only one of [those] insurers timely notice of a claim, the insurer that received notice may obtain reimbursement from . . . [an]other insurer only if it gives [that] other insurer notice of the claim that is reasonable under the circumstances" (Continental Cas. Co. v Employers Ins. Co. of Wausau, 85 AD3d 403, 407 [2011]; see State of New York v Blank, 27 F3d 783, 794 [2d Cir 1994]; see also Matter of Crum & Forster Org. v Morgan, 192 AD2d 652, 654 [1993]).
The undisputed record evidence establishes that Kirkwood first received notice of the petroleum contamination in May 2007, that Utica Mutual received notice of the contamination within a few weeks thereafter and that Utica Mutual learned in July 2007 that the cause of the contamination may have been faulty spill locks that were installed in 1989 at Richmond Automotive. AAIC and NSC's submissions further demonstrated that, notwithstanding its knowledge of the contamination beginning in 2007, Utica Mutual did not provide notice to AAIC and NSC until late August 2010 or early September 2010. As the evidence established that Utica Mutual delayed more than three years in notifying AAIC and NSC of the underlying incident, AAIC and NSC established their prima facie entitlement to summary judgment dismissing the third-party complaint against them based upon the absence of the prompt notice, as required by their policies (see Lafarge Bldg. Materials Inc. v Harleysville Ins. Co. of N.Y., 166 AD3d at 1118; Vale v Vermont Mut. Ins. Group, 112 AD3d 1011, 1013 [2013]; Bauerschmidt & Sons, Inc. v Nova Cas. Co., 69 AD3d 668, 669 [2010]).
The burden thus shifted to Utica Mutual to establish a reasonable excuse for its failure to provide AAIC and NSC with timely notice of the incident (see Great Canal Realty Corp. v Seneca Ins. Co., Inc., 5 NY3d at 744; Argo Corp. v Greater N.Y. Mut. Ins. Co., 4 NY3d at 340; Lafarge Bldg. Materials Inc. v Harleysville Ins. Co. of N.Y., 166 AD3d at 1118). To that end, Utica Mutual argued that it was not until August 2010 that it learned that AAIC and NSC had previously provided insurance coverage to Kirkwood and that it provided AAIC and NSC with notice of the incident within a month of learning of the prior coverage. Justifiable ignorance of insurance coverage may excuse a delay in giving notice if "reasonably diligent efforts [were made] to ascertain whether coverage existed" (Winstead v Uniondale Free School Dist., 201 AD2d 721, 723 [1994]; see Daimler Chrysler Ins. Co. v Keller, 164 AD3d 1209, 1211 [2018]; Seemann v Sterling Ins. Co., 267 AD2d 677, 678 [1999]).
Here, however, Utica Mutual failed to tender sufficient proof to raise a question of fact as to whether it was justifiably ignorant of AAIC's and NSC's prior insurance coverage. Indeed, despite having access to Kirkwood and Kirkwood's records immediately after learning of the contamination and its purported cause, Utica Mutual produced no evidence to show that it made any effort to discover AAIC's and NSC's existence before July 2010, when Utica Mutual's counsel sent a letter to Kirkwood's former insurance broker seeking information regarding Kirkwood's prior insurers. Utica Mutual provided no explanation as to why it waited until July 2010 to inquire about prior insurers. Although the reasonableness of an excuse ordinarily presents a question of fact, we find that, in the absence of evidence demonstrating diligent efforts to learn of AAIC's and NSC's existence, Utica Mutual's excuse of justifiable ignorance is unreasonable as a matter of law (see Lafarge Bldg. Materials Inc. v Harleysville Ins. Co. of N.Y., 166 AD3d at 1119-1120; Kalthoff v Arrowood Indem. Co., 95 AD3d 1413, 1415 [2012], lv [*3]denied 19 NY3d 815 [2012]; State of New York v Taugco, Inc., 213 AD2d 831, 832-833 [1995]). Accordingly, Supreme Court properly granted the motion by AAIC and NSC for summary judgment dismissing the third-party complaint against them based upon a lack of timely notice (see Kleinberg v Nevele Hotel, LLC, 128 AD3d 1126, 1128-1129 [2015], lv denied 26 NY3d 915 [2016]).
Utica Mutual's remaining contentions have been either rendered academic or determined to be without merit.
Egan Jr., J.P., Lynch, Mulvey and Pritzker, JJ., concur.
ORDERED that the order is affirmed, with one bill of costs.



Footnotes

Footnote 1: Plaintiff also commenced this action against Peerless Insurance Company, as one of Kirkwood's insurers. However, by stipulation of discontinuance, the complaint against Peerless was later dismissed.

Footnote 2: AAIC and NSC assert that they were incorrectly named in the summons and complaint as Fireman's Fund Insurance Company.

Footnote 3: The material terms of the two policies at issue are identical.

Footnote 4: MTBE is defined in the exclusion as "any substance consisting of methyl tertiary butyl ether/ethyl . . ., including all other chemicals blended together to formulate the product or degradation products thereof."

Footnote 5: Because AAIC's and NSC's policies were issued prior to the amendment to Insurance Law § 3420 (see L 2008, ch 388, § 2, 4), AAIC and NSC were not required to also demonstrate that they were prejudiced by Utica Mutual's failure to provide timely notice (see Briggs Ave. LLC v Insurance Corp. of Hannover, 11 NY3d 377, 381 [2008]; Lafarge Bldg. Materials Inc. v Harleysville Ins. Co. of N.Y., 166 AD3d at 1117-1118).