Wesco Ins. Co., Inc. v Kookmin Best Ins. Co. Ltd (2025 NY Slip Op 00935)

Wesco Ins. Co., Inc. v Kookmin Best Ins. Co. Ltd

2025 NY Slip Op 00935

Decided on February 18, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: February 18, 2025

Before: Manzanet-Daniels, J.P., Kennedy, Shulman, Higgitt, Michael, JJ. 

Index No. 150159/23 Appeal No. 3726 Case No. 2024-03271 

[*1]Wesco Insurance Company, Inc., Plaintiff-Appellant,
v
Kookmin Best Insurance Co. Ltd (US Branch), Defendant-Respondent.

Gunnercooke US LLP, New York (Max W. Gershweir of counsel), for appellant.
Chartwell Law, New York (Achille Alipour of counsel), for respondent.

Order, Supreme Court, New York County (Gerald Lebovits, J.), entered on or about May 8, 2024, which denied plaintiff Wesco Insurance Company's motion for summary judgment declaring that defendant Kookmin Best Insurance Company, Ltd. (US Branch) (KBIC) has a duty to defend and indemnify in the underlying action, that KBIC must reimburse Wesco for incurred defense costs, and that KBIC's coverage was primary to Wesco's, and granted KBIC's cross-motion for summary judgment for a declaration that it had no duty to defend or indemnify in the underlying action and for dismissal of the complaint, unanimously reversed, on the law, with costs, the complaint reinstated, Wesco's motion for summary judgment granted to the extent of declaring that KBIC has a duty to indemnify in the underlying action as an excess insurer, KBIC's cross-motion granted to the extent of declaring that it has no duty to defend the underlying action, and otherwise denied, and the matter remanded for further proceedings consistent with this decision.
Wesco's ability to seek reimbursement from KBIC for the costs of defending any given claim turns on whether Wesco provided notice of that claim to KBIC within a reasonable time under all the circumstances (see Continental Cas. Co. v Employers Ins. Co. of Wausau, 85 AD3d 403, 407 [1st Dept 2011]). Although justifiable ignorance of insurance coverage may excuse a delay in giving notice of an occurrence if reasonably diligent efforts were made to ascertain whether coverage existed (State of New York v Flora, 173 AD3d 1402, 1407 [3d Dept 2019], lv denied 34 NY3d 910 [2020]), Wesco did not give notice to KBIC until more than three years after its insured, the underlying defendant building owner (owner), was served with the summons and complaint (see Ocean Partners, LLC v North Riv. Ins. Co., 25 AD3d 514, 515 [1st Dept 2006]). Furthermore, Wesco failed to establish what it did during that three-year period to uncover whether the owner had other insurance.
Nonetheless, despite the late notice, KBIC was not prejudiced because Wesco promptly began investigating and defending the owner and a codefendant commercial tenant from the onset of the underlying personal injury litigation and was fully prepared to share its information relating to its investigation and defense. Moreover, KBIC failed to point out "how Wesco's defense of the [underlying] matter materially prejudiced it" (Salvo v Greater N.Y. Mut. Ins. Co., 213 AD3d 587, 588 [1st Dept 2023]). However, under its plain policy language, KBIC is only required to provide excess coverage to the named insured and any additional insured only after Wesco's primary coverage has been exhausted, but has no duty to defend or reimburse Wesco its defense costs (cf. Pecker Iron Works of N.Y. v Travelers Ins. Co., 99 NY2d 391, 392 [2003]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 18, 2025